United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Frank Polo, Sr., individually and on behalf of FP and HP, his minor children, Plaintiff, | )<br>)<br>)<br>) |
| v. | ) Civil Action No. 23-21684-Civ-Scola<br>) |
| Scott Marcus Bernstein, in his individual and personal capacity and others, Defendants. | )<br>)<br>)<br>) |

## **Order Striking Complaint**

This matter is before the Court upon an independent review of the record. Proceeding pro se, Plaintiff Frank Polo, Sr., individually and on behalf of FP and HP, his minor children, is suing dozens of defendants, including several judges from the Eleventh Judicial Circuit Court of Florida along with the Eleventh Judicial Circuit Court itself; several judges from Florida's Third District Court of Appeal, along with the Third District Court of Appeal itself; St. Thomas University and some of its employees; the mother of his children and her boyfriend; a law firm and one of its attorneys; the mayor of Miami-Dade County along with the County itself; and the Miami-Dade Police Department. (Compl., ECF No. 1.) Polo's complaint spans 147 pages and contains 747 numbered paragraphs. He sets forth nineteen separate counts, some with subparts, alleging a range of causes of actions, including various § 1983 claims (counts one through five, seven through thirteen, and sixteen though seventeen), breach of an implied contract (count six), civil conspiracy (count fourteen), tortious interference with a contract (count fifteen), gross negligence (count eighteen), and violation of the Racketeer Influenced and Corrupt Organizations Act (count nineteen). Although the Court has not reviewed the entirety of Polo's complaint in great detail, the Court notes Polo's grievances relate mostly to (1) state-court orders regarding the custody of his children and sanctions against him and (2) difficulties he encountered as to his enrollment at St. Thomas University College of Law. Admittedly, the Court's description of the case barely begins to scratch the surface of Polo's lawsuit. Regardless, it is abundantly clear that Polo's complaint amounts to a shotgun pleading. As such, the Court **strikes** it, for the reasons set forth below.

Although the Court liberally construes pleadings drafted by pro se litigants, this leeway is not unlimited. And despite a litigant's pro se status,

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). Such pleadings violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (cleaned up). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading"). One type of shotgun pleading is where a complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021) (cleaned up). This is the primary problem with Polo's complaint.

Much of Polo's complaint is composed of long-winded, rambling sentences setting forth nothing but conclusory allegations that the Defendants altogether, individually, or in various subsets harassed, humiliated, retaliated against, and conspired against Polo, as they violated his constitutional rights or other state-law rights. When Polo does present actual facts, he often recounts them in a nonlinear and disjointed fashion, interspersing them with conclusory allegations, leaving the Court unable to discern which facts are connected to which causes of actions or which defendants. Indeed, each of Polo's nineteen counts incorporates paragraphs 61 through 310, rendering it impossible for the Court to ascertain which allegations actually support which causes of action.

In sum, because of the sprawling and disconnected nature of Polo's factual allegations, combined with his repeated reliance on speculative conclusory allegations, neither the Court nor a defendant would be able to ascertain—or readily ascertain, in any event—whether Polo's complaint states a cause of action or the precise contours of what those viable causes of action might be. *Id.* at 1326 ("Because [the] second amended complaint is replete with conclusory, vague, and immaterial allegations, a defendant who reads the complaint would be hard-pressed to understand the grounds upon which each claim against him rests.") (cleaned up).

To the extent Polo believes he can fix these deficiencies, he may file an amended complaint. In doing so, Polo must (1) address the shortcomings noted in this order; (2) comply with the pleading requirements in Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure; (3) include a separate factual background section setting forth, in a linear and methodical way, specific factual allegations in support of his claims; (4) separate each cause of action

into a different, sequentially numbered, count which clearly identifies the relevant cause of action or claim for relief; (5) refrain from relying on conclusory or speculative allegations to support his claims; and (6) identify with specificity which factual allegations and acts or omissions pertain to which count.

For the reasons set forth above, the Court **strikes** Polo's complaint (**ECF No. 1**). Polo may file an amended complaint by **May 22, 2023**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the standards otherwise described above. Polo is forewarned that his **failure to comply with or timely respond to this order may result in the dismissal of his case**.

**Done and ordered**, in Miami, Florida, on May 8, 2023.

Robert N. Scola, Jr.
United States District Judge

*Copy via email mail to:*
**Frank Polo, Sr.**
frank.polo@msn.com