United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Frank Polo, Sr., individually and on behalf of FP and HP, his minor children, Plaintiff, <br><br> v. <br><br> Scott Marcus Bernstein, in both his individual and official capacities, and St. Thomas University, Inc., Defendants. | Civil Action No. 23-21684-Civ-Scola |

### Omnibus Order

Pro se Plaintiff Frank Polo, Sr., appearing individually and on behalf of FP and HP, his minor children, has filed his second amended complaint in this case. (2nd Am. Compl., ECF No. 18.) The Court struck his previous two complaints because they were shotgun pleadings that were nearly impossible to parse. (ECF Nos. 6, 10.) Since his first pleading, Polo's complaint has morphed from suing dozens of defendants initially, to about twenty defendants in his first amended complaint, and now only two: a state-court judge, Scott Marcus Bernstein (in both his individual and official capacities), and a local university, St. Thomas University, Inc. Polo has also whittled down his complaint from 147 pages, to 121 pages, to now "only" 43. While this paring down has resulted in a somewhat more coherent pleading, the resulting clarity has laid bare various substantive deficiencies. Additionally, after initially paying the filing fee, Polo now seeks to proceed *in forma pauperis* (Pl.'s IFP Mot. 20) and asks that the United States Marshals Service be appointed to effect service of process (Pl.'s Mot. for Appt., ECF No. 19). Because the Court now **grants** Polo's motion to proceed without prepaying his fees (**ECF No. 20**), though **deferring ruling** on his motion to appoint the Marshals (**ECF No. 19**), his complaint is now subject to screening under 28 U.S.C. § 1915(e)(2)(B).

Polo's grievances center around complaints he has about Judge Bernstein's handling of a state-court case regarding the custody of Polo's children and ensuing, related difficulties that arose as to Polo's enrollment at St. Thomas University College of Law. According to Polo, Bernstein, in 2017 and 2018, improperly labeled Polo a vexatious litigant and restricted his filings in state court. Eventually, Polo sought and procured Judge Bernstein's recusal from his case, in January 2019. Within the order of recusal, however, says Polo, Judge Bernstein made a series of false accusations about Polo's actions in

the family-court case. Additionally, Polo recounts that Judge Bernstein forwarded the order to Polo's law school, along with a letter explaining to the dean that Polo had been dishonest and had interfered with the administration of justice. Polo says the letter prompted the law school to initiate honor council proceedings against Polo which ultimately resulted in his expulsion, in March or April 2019, just weeks away from Polo's graduation. Among his ten claims, Polo seeks relief under 42 U.S.C. § 1983 for (1) deprivations of his right to access to the courts, his property and liberty interests, and his first amendment rights to free speech and association; (2) negligent hiring and retention; and (3) failure to train and supervise. Polo also seeks relief under Florida law for breach of implied contract; civil conspiracy; tortious interference with a contract; gross negligence; negligent hiring and retention; and failure to train and supervise.

Notably, none of Polo's allegations extend beyond March or April 2019, when it appears he was formally terminated from his enrollment at the law school. It would seem, then, that the statute of limitations within which Polo should have brought his claims expired prior to his initiating this case in May 2023. While § 1983, under which Polo has lodged several counts, does not itself provide for a statute of limitations, it has long been established that "[a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 49 (11th Cir. 2010) (cleaned up). The applicable statute of limitations in Florida provides for a four-year limitations period from accrual of the cause of action. Fla. Stat. § 95.11(3)(p); *see also Sneed*, 370 F. App'x at 47 (stating same). Federal case law provides that a cause of action under § 1983 accrues when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). Although the allegations in Polo's complaint are sometimes difficult to parse, it nonetheless appears that all the events on which his § 1983 claims are based transpired four years before he initiated this case and are therefore time barred.

Additionally, it also appears that all of Polo's claims against Judge Bernstein in his individual capacity are barred by judicial immunity. *William B. Cashion Nev. Spendthrift Trust v. Vance*, 552 F. App'x 884, 885–86 (11th Cir. 2014) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."). And all the claims against Judge Bernstein in his official capacity appear barred by the Eleventh Amendment and sovereign immunity. *Higdon v. Tusan,* 746 F. App'x 805, 809–10 (11th Cir.

2018) (explaining that "[t]he Eleventh Amendment prohibits federal courts from entertaining suits brought by citizens against a state, including its agencies and departments, whether the relief sought is legal or equitable" and "[s]uits against state officials in their official capacity are essentially actions against the state"). Moreover, § 1983 claims ordinarily lie against only state actors, not against private parties. *Id.* at 813 ("[T]he party charged with the deprivation must be a person who may fairly be said to be a state actor.") Consequently, there appears to be no viable basis for Polo to pursue his § 1983 claims against St. Thomas University, which appears to be a private school. *See Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) ("Only in rare circumstances can a private party be viewed as a state actor for section 1983 purposes." ) (cleaned up).

Further, as to Polo's state-law claims, assuming his federal claims do not survive dismissal, Polo fails to set forth facts establishing the Court's diversity jurisdiction. As such, if Polo's federal claims are dismissed, the Court will likely decline to exercise supplemental jurisdiction over his state-law claims, dismissing them as well unless Polo alleges facts showing that the parties are diverse.

Finally, although Polo has clearly attempted to pare down the dizzying array of overlapping and intermingled allegations and claims that were set forth in the first two versions of his pleading, despite the Court's repeated admonishments, the Court notes the complaint is still replete with conclusory statements, devoid of any factual support.

For all these reasons, the Court once against **strikes** Polo's complaint (**ECF No. 18**)—this time under the screening provisions of § 1915(e)(2)(B): his claims appear time barred as well as barred by various forms of immunity. Additionally, Polo has once again failed to heed the Court's admonishment to avoid premising his claims on conclusory statements, devoid of factual support, rendering his complaint susceptible to dismissal for a failure to state a claim. Regardless, if Polo believes he can amend his complaint, in good faith, to show that the four-year state of limitations does not apply, has not expired, or should be tolled or to show that the defendants in this case are not immune from suit or otherwise not liable, the Court will afford him one last chance to amend his complaint, consistent with the Court's instructions. To the extent Polo believes he has a good-faith basis to move forward with his case, he may file an amended complaint on or before **October 23, 2023**, provided it complies with the Court's orders and rules and sufficiently alleges the Court's subject-matter jurisdiction. Polo is forewarned that his failure to properly or timely comply with this order will result in the dismissal of his case.

Because there is still no viable pleading pending, the Court **defers** ruling on Polo's motion for the appointment of the U.S. Marshals Service to effect service (**ECF No. 19**) and **denies** his motion to reopen this case (**ECF No. 21**) **as moot**.

**Done and ordered**, in Miami, Florida, on September 29, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy via email mail to:*
**Frank Polo, Sr.**
frank.polo@msn.com