United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Frank Polo, Sr., individually and on behalf of FP and HP, his minor children, Plaintiff, <br><br> v. <br><br> Scott Marcus Bernstein, in both his individual and official capacities, and St. Thomas University, Inc., Defendants. | Civil Action No. 23-21684-Civ-Scola |

**Omnibus Order**

Pro se Plaintiff Frank Polo, Sr., appearing individually and on behalf of FP and HP, his minor children (collectively, "Polo"), and proceeding *in forma pauperis*,[1] has now filed his fourth complaint in this case. (3rd Am. Compl., ECF No. 25.) The Court struck his first two pleadings because they were shotgun pleadings that were nearly impossible to parse. (ECF Nos. 6, 10.) Though his third pleading was better—both shorter, somewhat more coherent, and lodged against only two defendants as opposed to dozens—it was nonetheless still a shotgun pleading, and, at the same time, revealed various jurisdictional deficiencies and timeliness concerns. (2nd Am. Compl., ECF No. 18.) Additionally, despite the Court's repeated admonishments, Polo continues to rely on conclusory allegations to support his claims. Further, although Polo pared down his third pleading to "only" 43 pages (from the 147 pages of his initial complaint), in his fourth and current attempt, Polo's pleading has ballooned back, this time to 78 pages. After review, the Court concludes that affording Polo yet a fifth attempt to plead his case would be fruitless and a waste of the Court's resources. Accordingly, under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) as well as the Court's findings that Polo has repeatedly failed to comply with the Court's orders, the Court **dismisses his case without prejudice but without further leave to amend**.

As best the Court can discern, Polo's grievances against Defendants Judge Scott Marcus Bernstein, in both his individual and official capacities, and St. Thomas University, Inc., arose out of family court proceedings in state court before Judge Bernstein. In addition to complaints Polo has about various

---

[1] Polo initially paid the Court's filing fee but then later sought permission, and was granted leave, to proceed *in forma pauperis* (Omnibus Order, ECF No. 22).

rulings against him in those proceedings, most of Polo's claims seem to stem from Judge Bernstein's alleged interference with Polo's enrollment at St. Thomas University College of Law. According to Polo, much of Judge Bernstein's animus towards him grew out of Polo's publicly speaking out about corruption in the state-court system. Ultimately, says Polo, Judge Bernstein's interference resulted in Polo's wrongful expulsion from St. Thomas. Polo also seems to take issue with various decisions issued by Florida's Third District Court of Appeal although the relevance of the claims related to those proceedings are not apparent.

As an initial matter, the vast majority of Polo's claims relate to events that occurred at least four years before Polo initiated this case and so, as explained in the Court's omnibus order (ECF No. 22, 2), are time barred. On the other hand, apparently in response to the Court's statute-of-limitations concerns, Polo has added allegations that he wasn't officially expelled from St. Thomas until May 17, 2019, and that "[i]t was not until May 20, 2019, that Polo discovered the letter [from] Judge Bernstein to [St. Thomas] and the conspiracy between [them]." (3rd Am. Compl. ¶¶ 88, 89.) Since these dates are a few weeks shy of four years before Polo initiated this case, on May 4, 2023, it is possible these allegations may salvage certain claims that depend on these facts from being time barred.

Regardless, despite the Court's repeated admonishments, Polo continues to present his complaint in a dense, rambling, and nonlinear manner rendering it impossible for the Court to readily discern the basis of or factual support for his claims. Making matters worse, Polo's complaint continues to be replete with conclusory and purely speculative allegations that are also unsupported, or at least not directly supported, by any concrete facts.

Further, to the extent Polo's grievances against Judge Bernstein stem from the judge's presiding over Polo's family-court case, Judge Bernstein has absolute immunity. *See Wusiya v. City of Miami Beach*, 614 F. App'x 389, 392 (11th Cir. 2015) ("[A] judge is entitled to absolute immunity even when his actions were erroneous, malicious, or in excess of his jurisdiction.") To the extent, on the other hand, Polo complains about Judge Bernstein's individual conduct, beyond the court proceedings, he fails to set forth facts establishing that, in communicating with administrators at St. Thomas, Judge Bernstein deprived Polo of a federal right through the exercise of his authority through his official position as a state-court judge. Accordingly, Polo's § 1983 claims against Judge Bernstein, in his personal capacity all fail as well. *See id.* ("Section 1983 provides a cause of action for deprivations of federal constitutional rights by state actors acting under color of law.") Conversely, to the extent Polo seeks compensation for his grievances against Judge Bernstein

in his official capacity, those claims are effectively a claim for damages against the State of Florida and are therefore barred by the Eleventh Amendment. *See Higdon v. Tusan*, 746 F. App'x 805, 810 (11th Cir. 2018) ("[The Eleventh Amendment] bars suits against state officials where the state is, in fact, the real party in interest."). And although "a state official may be sued in his official capacity when the suit alleges a constitutional violation by the official, acting in his official capacity and seeks only prospective injunctive relief," *Wusiya*, 614 F. App'x at 393, Polo fails to set forth any factual allegations that would support such a claim against Judge Bernstein. Finally, St. Thomas, "which is a private university, is not a state actor and none of the 'rare circumstances' allowing a § 1983 claim against a private actor were alleged." *Andela v. Univ. of Miami*, 461 F. App'x 832, 836–37 (11th Cir. 2012). In sum, because of these shortcomings, Polo's federal claims either fail to state a claim on which relief may be granted or seek monetary relief against a defendant who is immune from such relief. As such, the Court dismisses all of Polo's federal claims under the screening provisions of 28 U.S.C. § 1915(e)(2). Because this is Polo's third amended pleading, it appears further amendment would be futile and therefore the dismissal of Polo's federal claims is without further leave to amend.

As to Polo's remaining state-law claims, Polo has failed to establish the Court's diversity jurisdiction, despite being directed to do so, if applicable. (Omnibus Order at 3.) Without any diversity allegations, the Court declines to exercise supplemental jurisdiction over any of Polo's remaining state-law claims. Those state claims, then, are dismissed without prejudice to his filing those claims in state court. *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law.")

In sum, despite being afforded multiple opportunities to do so, Polo has failed establish that he is entitled to relief on his federal claims or that the Court has jurisdiction over his state-law claims. Additionally, even if the Court did not dismiss Polo's complaint under § 1915, it would dismiss it based on his repeated failure to comply with the Court's orders regarding the shotgun nature of his pleadings. Accordingly, the Court dismisses his claims without prejudice but also without further leave to amend.

This case is to remain closed and any pending motions are **denied as**

**moot**.

**Done and ordered**, in Miami, Florida, on November 9, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy via email to:*
**Frank Polo, Sr.**
frank.polo@msn.com