# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
## (Miami Civil Division)

FRANK POLO, et al.           )
           Plaintiffs,         )
                              )
                              )
       v.                         )    CASE NO:_____23-CV- 21684_____/
                              )
BERNSTEIN, et al.        )
                              )
                              )
       Defendants,       )
_____/    )
                              )

FILED BY_____ D.C.

DEC 07 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## MOTION TO ALTER OR AMEND THE JUDGMENT

Comes now the Plaintiffs, FRANK POLO, and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) requesting this honorable Court, to grant this *Motion to Alter or Amend the Judgment*, and in support thereof states as follows:

### 1. THE PLEADINGS MAY BENEFIT FROM A PROFESSIONAL TOUCH-UP, BUT THE PLEADING IS SHORT OF BEING A SHOTGUN PLEADING.

1.       There are four categories of shotgun pleadings: (1) a complaint containing multiple counts where each count adopts the allegations of the preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that does not separate each cause of action or claim for relief; and (4) a complaint asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. **Vibe Micro, Inc. v. Shabanets**, 878 F.3d 1291, 1294–95 (11th Cir. 2018) (citing **Weiland v. Palm Beach Cnty. Sheriff's Office**, 792 F.3d 1313, 1321–23 (11th Cir. 2015)).

2.       In **Erickson v. Pardus**, 551 US 89 (2007), the U.S. Sup. Ct. held that:

> The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed pro

se is "**to be liberally construed,**" Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do **substantial justice**").

3.      In **Randall v. Scott**, 610 F. 3d 701 (11th Cir. 2010) the 11th Circuit held that:

A district court considering a motion to dismiss **shall** begin by *identifying conclusory allegations that are not entitled to an assumption of truth* — legal conclusions must be supported by factual allegations. The district court should assume, on a case-by-case basis, that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief.

We conclude that the district court erred in applying a heightened pleading standard to Randall's complaint. After Iqbal it is clear that there is no "heightened pleading standard" as it relates to cases governed by Rule 8(a)(2), including civil rights complaints. All that remains is the Rule 9 heightened pleading standard. **Id**.

4.      Moreover, the court in **Randall**, 610 F. 3d 701, also stated that:

To survive a 12(b)(6) motion to dismiss, the complaint "*does not need detailed factual allegations*," but must "give the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests,"

Id, citing **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) and **Conley v. Gibson**, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

5.      In this case, it is clear that this Honorable Court is not basing its decision on the abovementioned Shotgun Pleading number (1), (2), or (4). Therefore, the decision of this court is based on "a complaint that is replete with conclusory, vague, and immaterial facts *not obviously connected to any particular cause of action.*" However, this honorable court fails to **identify conclusory allegations that are not entitled to an assumption of truth**, or as this honorable court said "conclusory and purely speculative allegations that are also unsupported, or at least not directly supported, by any concrete facts."

6.      However, even if that conclusory language was identified, by having to be liberally construed the pleadings filed by a pro se litigant, this Court must ignore the conclusory allegations and apply those well-pleaded factual allegations to the elements of the cause of action claimed.

The court must determine if the well-pleaded facts are plausible giving rise to relief. This was not done in this case before the court dismissed the case.

7.     Mr. Polo has carefully reviewed the 3rd Amended Complaint to ensure that every allegation is supported by factual allegations and that those facts are directly connected to an element of the cause of action claimed as required. Only allegations pursuant to Rule 9 of the Fed. R. Civ. P. have been pleaded generally as permitted by Rule 9 which states that "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally".

8.     Therefore, Mr. Polo's pleading is not "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" which is the standard this court must follow in determining if the pleading is a shotgun pleading. If this Honorable Court construes the Pleadings as to do **substantial justice**, this court will find that Mr. Polo has pleaded sufficient facts that, if taken as true, would give rise to a claim for relief under Federal Law (as discussed later herein).

### 2.  DISMISSING THE CASE, EVEN WITHOUT PREJUDICE, EXTREMELY PREJUDICIAL TO THE PLAINTIFFS BECAUSE THE DISMISSAL DOES NOT TOLL THE STATUTE OF LIMITATION, AND A SECOND FILING WILL RESULT IN DISMISSAL WITH PREJUDICE.

9.     "It is a well-recognized principle that a statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice. As regards the statute of limitations, the original complaint is treated as if it never existed." **Cardio-Medical Association v. Crozer-Chester Medical Center**, 721 F.2d 68, 77 (3rd Cir. 1983).

10.    Even if this Honorable Court dismisses the complaint without Prejudice, a second complaint will be dismissed with prejudice because the statute of limitation is not tolled.

11.    Therefore, the Plaintiffs in this case will have to live with the damages proximately caused by Judge Bernstein and his co-conspirator St. Thomas University, Inc., ("STU"), which have resulted in financial devastation to Mr. Polo and his family.

### 3.  THE COURT SHOULD NOT CONSIDERED 28 U.S.C. § 1915(E)(2)(B) IN DISMISSING THE CASE WHEN MR. POLO HAS PAID THE FULL FEE TO FILE HIS CASE, AND NO ADDITIONAL BENEFIT WAS CONFERRED UPON THE PLAINTIFFS.

23-CV-21684
Polo, et al, v. Bernstein, et al.

12.     In this case, Mr. Polo filed this case and paid the full fee to get this case in court. However, due to financial constraints, the Plaintiffs were forced to file to proceed in forma pauperis for the service of the complaint, a benefit that was never conferred upon the plaintiffs.

13.     It seems improper to grant a petition to proceed in forma pauperis when there is not any benefit conferred upon the plaintiff. Granting such benefits would serve as a sword and not as a remedy to help those litigants who cannot afford the payment of filing fees or process of service fees. It would be clear that the intent of Congress in enacting a right to proceed in forma pauperis was to help those unable to afford Court fees. Therefore, if no benefit was to be conferred upon the plaintiff, it would be improper to confer a useless benefit for any other reason than to use 28 U.S.C. § 1915(e)(2)(B).

### 4.  IT'S ERROR TO SAY THAT MR. POLO DOES NOT SET FACTS STATING JUDGE BERNSTEIN IS THE CAUSE IN FACT OF MR. POLO'S DAMAGES WHILE ACTING UNDER COLOR OF LAW.

14.     This court stated in the dismissal order: "Polo complains about Judge Bernstein's individual conduct, beyond the court proceedings, he fails to set forth facts establishing that, in communicating with administrators at St. Thomas, Judge Bernstein deprived Polo of a federal right through the exercise of his authority through his official position as a state-court judge."

15.     In stating a cause of action for violations of section 1983, the only thing that Mr. Polo has to show is that Mr. Polo and his children had a constitutionally protected right (in this case a Property and a liberty Interest), (2) that they were deprived of these rights by the state actor defendant without due process of law.

16.     Analyzing the cause of actions stated by the Plaintiffs, it is clear that those state a cause of action under § 1983. For example: In Count 1, Mr. Polo stays facts establishing that Mr. Polo:

> As the result of the implied in-law agreement MR. POLO had with ST. THOMAS UNIVERSITY, INC., MR. POLO and his children had a property interest in the continued enrollment of MR. POLO at STU. They also had a liberty interest in their good name, reputation, honor, and integrity. ¶ 144

17.     Mr. Polo establishes that Judge Bernstein was a state actor using the power of his office to deprive Mr. Polo of the above-mentioned rights:

Judge BERNSTEIN was acting within the scope of his official duties when he used the power of his office by sending a letter to ST. THOMAS UNIVERSITY on State Court's letterhead, and with BERNSTEIN'S judicial signature block identifying himself as a State Judge with the intent of using the power of his office to get STU to act as his agent to deprive the Plaintiffs of their property interest in the continued enrollment of MR. POLO at STU, and the liberty interest in their good name, reputation, honor, and integrity without due process of law, and with the intent of intimidating Mr. Polo for his exercise of First Amendment Right to ask the government for redress of grievances and right to engage in Political Speech. Therefore, JUDGE BERNSTEIN was a state actor, and the STU agency can be fairly characterized as state action. Therefore, STU was acting under color of law by conspiring with and acting on behalf of JUDGE BERNSTEIN. ¶147

18.     Mr. Polo establishes that after JUDGE BERNSTEIN recused himself from the case, he was acting in the clear absence of all jurisdiction while using the power of his office to deprive Mr. Polo of his constitutional rights without due process of law, in a conspiracy with STU.

19.     It was the direct intervention of Judge Bernstein that triggered the Honor Council Proceeding, and Mr. Polo applied the "but for" test of causation, which shows that Judge Bernstein's contact with STU management was the cause in fact of Mr. Polo's deprivation of Mr. Polo's protected property and liberty rights.

But for the interference of Judge Bernstein, ST. THOMAS UNIVERSITY, INC., would have never started a sham Honor Proceeding against MR. POLO, which was designed to deprive the Plaintiffs of their property interest in the continued enrollment of **MR. POLO** at STU, and liberty interest in their good name, reputation, honor, and integrity without due process of law. ¶174.

20.     Moreover, the facts also established that before Judge Bernstein's contact with STU's Management, Mr. Polo was never under investigation by STU. ¶ 149.

21.     Mr. Polo also establishes that STU Deprived Mr. Polo of his Property and liberty rights (150-169) without due process of law while acting as an agent of Judge Bernstein. ¶147.

### 5.  IT IS ERRONEOUS TO SAY THAT A PRIVATE PARTY CONSPIRING WITH A STATE ACTOR IS NOT ACTING UNDER COLOR OF STATE LAW.

22.     The U.S. Supreme Court has consistently recognized that private entities/individuals conspiring with state actors to violate Constitutional rights are acting under color of state law for purposes of § 1983 causes of action. See **Tower v. Glover**, 467 US 914 (1984) (holding that "state public defenders are not immune from liability under § 1983 for

intentional misconduct, 'under color of' state law, by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights"). <u>See also</u> <u>**Rendell-Baker v. Kohn**</u>, 457 U.S. 830, 838 n.6 (1982) (holding that "the acts of a private party are fairly attributable to the state on certain occasions when the private party acted in concert with state actors."); <u>**Strength v.**</u> <u>**Hubert**</u>, 854 F. 2d 421 (11th Cir. 1988) (holding that "[t]he Supreme Court and this court's predecessor have recognized that a conspiracy to violate constitutional rights states a claim under § 1983.)

23.    In <u>**United States v. Classic**</u>, 313 U. S. 299, 326 (1941), the U.S. Supreme Court held that the "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken `under color of' state law[.]"

24.    In this case Mr. Polo has clearly stated a conspiracy between Judge Bernstein, a state actor who misused his position as a Judge sending a letter to STU in an official Florida Court's letterhead and with his official signature block with the intent of damaging Mr. Polo's contractual relation with STU, and in retaliation for Mr. Polo's exercise of First Amendment right. (the conspiracy will not be discussed as this Honorable Court did not mention that Mr. Polo failed to stay a conspiracy claim).

25.    Therefore, even when St. Thomas is a private university, by conspiring with a state actor, namely Judge Bernstein, STU was acting under color of state law.

**6.   THE ELEVENTH AMENDMENT PERMITS SUITS FOR PROSPECTIVE INJUNCTIVE RELIEF AGAINST STATE OFFICIALS ACTING IN VIOLATION OF FEDERAL LAW**

26.    This Honorable Court mistakenly assumes that Mr. Polo is seeking compensation for Mr. Polo's "grievances against Judge Bernstein in his official capacity." Mr. Polo was clear and repeatedly stated that:

> JUDGE BERNSTEIN'S acts complaint off herein is the act of <u>**interfering with**</u> <u>**litigants' contractual rights**</u> with the intent of depriving the Plaintiffs of their constitutionally protected rights without due process of law, which is <u>**not a judicial**</u> <u>**act**</u>. Therefore, JUDGE BERNSTEIN does not enjoy absolute immunity. ¶145, ¶182, ¶245, and ¶362.
>
> Moreover, after JUDGE BERNSTEIN recused himself from the family case on January 29, 2019, <u>**he lost subject matter jurisdiction and personal jurisdiction**</u> <u>**over the Plaintiff(s) and the family case**</u>. Therefore, JUDGE BERNSTEIN was acting in the <u>**clear absence of all Jurisdiction**</u>. The actions of JUDGE

BERNSTEIN complained of in this count are those that he took in the **clear absence of all jurisdiction after January 29, 2019**, when he ceased to have any jurisdiction over the family court case after he recused himself from the family court case. ¶146, ¶183, ¶246, and ¶363.

27.     "To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. This standard allows courts to order prospective relief." **Frew v. Hawkins**, 540 US 431 (2004) (Citing **Ex parte Young**, 209 U.S. 123 (1908).

28.     This Honorable Court mistakenly states that Mr. Polo "fails to set forth any factual allegations that would support such a claim against Judge Bernstein."

29.     As previously stated the complaint sets forward the facts necessary for a jury to determine that Judge Bernstein was acting in his official capacity when he used the power of his office by sending the letter and a copy of one of his orders to STU management, when he was not the judge in the case anymore (in the clear absence of all Jurisdiction), and using Official State of Florida's Court letterhead, and his official signature block stating he was acting on his official capacity as a Judge working for one of the branches of the state of Florida.

30.     By retaliating against Mr. Polo for Mr. Polo's First Amendment right to petition and right to engage in protected political speech, Judge Bernstein was violating Federal Law.

31.     Therefore, Mr. Polo's petition for Injunctive relief against Judge Bernstein against a state official acting in violation of federal law is supported by sufficient factual allegations.

### 7.   THE ACTS OF THE COURT OF THIRD DISTRICT COURT APPEALS ARE RELEVANT AS CO-CONSPIRATORS ACTS IN FURTHERANCE OF THE CONSPIRACY.

32.     Mr. Polo does not simply take issue with the decisions issued by Florida's Third District Court of Appeal. Mr. Polo takes issues with the repeated 3rd DCA's Judges (1) refusal to apply the correct principle of law to the Admitted Facts in MR. POLO'S case (2) creation of facts never argued by the parties, (3) intentional failures to address Jurisdictional argument, (4) and filing of orders that are not Appealable to the Florida Supreme Court, in furtherance of the conspiracy that those Judges, Including an active employee of STU, have with STU and with the Judge Bernstein to silence Mr. Polo's speech. ¶281.

*23-CV- 21684*
*Polo, et al, v. Bernstein, et al.*

33.     That is the reason why Mr. Polo included those acts under the "overt act in pursuance of the conspiracy" ¶251.

**WHEREFORE**, the Plaintiff, Mr. Polo, is respectfully asking this honorable Court to grant this *Motion to Alter or Amend the Judgment*, and to:

34.     Amend the Order (Doc. 26) to grant MR. POLO one last chance to amend considering the high possibility of leaving the Plaintiff without a remedy at law for the violation of his constitutional right, and the damages resulting from such violations.

35.     If this court grants one more opportunity to amend Mr. Polo is respectfully asking this court to grant 60 days to gather funds to hire a professional attorney to review the complaint and to make sure this complies with the requirements of this Court.

36.     however, if this court still believes that this case must be dismissed, the Plaintiffs respectfully ask this court to amend its order (Doc. 26) to specifically, not in a conclusory manner, state how each cause of action fails to state a claim for which relief can be granted and how is the "complaint replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." This will be beneficial to the plaintiffs and the Court of Appeals if Mr. Polo decides to appeal the decision of this Honorable Court; and

37.     to grant other relief as the court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the forgoing *Motion will NOT be served on* any of the Defendants because they have not yet been served with the summons and complaints. Respectfully submitted on this 7 day of December 2023.


BERNSTEIN, et al.                          By: _____
                                           PLAINTIFFS
                                           Frank Polo, et al.
                                           1475 SW 8th St. Apt. 411
                                           Miami, FL. 33135
                                           Phone: 305-901-3360
                                           E-Mail: Frank.Polo@msn.com