United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Frank Polo, Sr., individually and on behalf of FP and HP, his minor children, Plaintiff, <br><br> v. <br><br> Scott Marcus Bernstein, in both his individual and official capacities, and St. Thomas University, Inc., Defendants. | Civil Action No. 23-21684-Civ-Scola |

## Order Granting Motion for Reconsideration

Pro se Plaintiff Frank Polo, Sr., appearing individually and on behalf of FP and HP, his minor children (collectively, "Polo"), seeks damages and injunctive relief against Defendants Judge Scott Marcus Bernstein (in both his personal and official capacities) and St. Thomas University, Inc., based on alleged violations of Polo's federal and state constitutional rights and various state common laws. (3rd Am. Compl., ECF No. 25.) The Court struck Polo's first three complaints, explaining each time that they were shotgun pleadings, leaving the Court unable to readily discern the nature of or basis for his claims. (ECF Nos. 6, 10, 22.) Polo initially paid the Court's filing fee but then later sought permission, and was granted leave, to proceed *in forma pauperis* so that he could have the United States Marshals Service appointed for service of process. (3rd Order, ECF No. 22). In granting Polo's request to proceed *in forma pauperis*, the Court deferred ruling on his motion to appoint the Marshals for service while affording him yet another attempt to replead his claims. (3rd Order at 1, 4.) Thereafter, Polo filed his third amended complaint which the Court considered, at least partially, under the screening provisions of 28 U.S.C. § 1915(e)(2)(B). (4th Order, ECF No. 26.) In doing so, the Court dismissed Polo's case, albeit without prejudice, but also without leave to further amend. (*Id.* at 1.) Polo now asks the Court to reconsider that order, pointing out, in part, that since he initially paid the filing fee, his case should not be subjected to the screening provisions of 28 U.S.C. § 1915(e)(2)(B). (Pl.'s Mot., ECF No. 27, 4.) The Court agrees. Accordingly, the Court **grants** Polo's motion for reconsideration (**ECF No. 27**) and amends its previous orders as follows.

First, the Court **vacates** its order granting Polo's motion to proceed *in forma pauperis*. (3rd Order at 1.) And, in doing so, the Court also **vacates** its order dismissing Polo's case which was, at least in part, based on the screening

provisions of 28 U.S.C. § 1915(e)(2)(B). (4th Order at 1, 3.) As a result, the Court **denies** Polo's motion for the appointment of the Marshals to effect service. (**ECF No. 19**.)

Nonetheless, the Court still finds Polo's third amended complaint to be a shotgun pleading. Polo is wrong when he insists that the Court erred in concluding that his "complaint continues to be replete with conclusory and purely speculative allegations that are also unsupported, or at least not directly supported, by any concrete facts." (Pl.'s Mot. at 2 (quoting 4th Order at 2).) He is also mistaken when he submits that the Court must go line-by-line and specifically identify for him each allegation that it finds conclusory. Further, there can be no dispute that his third amended complaint, like the three before it, continues to be presented in a "dense, rambling, and nonlinear manner rendering it impossible for the Court to readily discern the basis of or factual support for his claims." (4th Order at 2.) Additionally, each of the complaint's eight counts reincorporates "paragraphs 22 through 144," again forcing the Court and the Defendants to sift through mountains of irrelevant and difficult to parse allegations to attempt to discern the sufficiency of his claims. These issues alone render his complaint an impermissible shotgun pleading: "a defendant who reads the complaint would be hard-pressed to understand the grounds upon which each claim against him rests." *Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021). Polo's pleading falls far short of Federal Rule 8(a)(2)'s straight forward requirement that a complaint simply provide no more than "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Because each of Polo's amended pleadings suggests he is at least *trying*, albeit unsuccessfully, to address some (though by no means all) of the Court's concerns and because Polo is proceeding pro se, the Court has been exceedingly tolerant in affording him multiple opportunities to amend. Polo now says he intends to engage counsel to assist him with his complaint and seeks "one more opportunity to amend." (Pl. Mot. at 8.) To facilitate that engagement, Polo requests 60 days to proceed with that engagement and to thereafter redraft his complaint, once again. While the Court will afford Polo the relief he requests, Polo is forewarned that his case <u>will be dismissed with prejudice if his fourth amended pleading fails to comply with Rules 8(a)(2) or 10(b) or any of the Court's previous orders</u>. Polo's allegations must be "simple, concise, and direct," and "presented with such clarity and precision that the defendants" will be able to readily "discern what [he is] claiming and frame a responsive pleading." *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 663 (11th Cir. 2019). Polo must file his amended pleading, in compliance with the Court's orders and rules, on or before **April 26, 2024.**

In the meantime, while the Court awaits Polo's amended complaint, the Court reminds him that he is responsible for service on the Defendants. The Court also extends the deadline for Polo to effect service until **May 24, 2024**, taking into consideration the time Polo's motion for appointment of the Marshals for service was under consideration. In addition to serving the Defendants with the summons and complaint, the Court also orders Polo to serve them with a copy of this order.

If the Defendants are served before Polo has filed his fourth amended complaint, the Court extends the Defendants' deadline to respond to the complaint until 21 days after Polo has filed his fourth amended pleading. If, however, the Defendants are served after Polo has filed the fourth amended complaint, the Defendants must comply with the deadlines set forth in Rule 12.

The Clerk is directed to **reopen** this case. Based on the above, the third amended complaint is now the operative pleading in this case.

**Done and ordered**, in Miami, Florida, on February 26, 2024.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy via email to:*
**Frank Polo, Sr.**
frank.polo@msn.com