# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

FRANK E. POLO, SR.
    Plaintiff,

v.　　　　　　　　　　　　　　CASE NO:＿＿＿23-CV- 21684＿＿/

BERNSTEIN, et al.

    Defendants,
＿＿＿＿＿＿＿＿＿＿＿＿＿/

FILED BY ___ D.C.
MAY 24 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## MOTION FOR DISQUALIFICATION AND/OR TO DISCLOSE CONFLICT OF INTEREST.

1.    Comes now the Plaintiffs, FRANK POLO, and pursuant to 28 U.S.C. Sec. 455, requesting this honorable Court, to grant this *Motion for Disqualification and/or to Disclose Conflict of Interest*, and in support thereof states as follows:

### I. APPLICABLE LAW

2.    "Inherent in § 455(a)'s requirement that a judge disqualify himself if his impartiality might reasonably be questioned is the principle that our system of 'justice must satisfy the appearance of justice.'" **Parker v. Connors Steel Co.**, 855 F. 2d 1510 (11th Cir. 1987) citing **Offutt v. United States**, 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11 (1954).

3.    "Thus, section 455(a) embodies an objective standard. The test is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality" **Parker**, 855 F. 2d 1510 at 1524 (citing **Potashnick v. Port City Const. Co.**, 609 F.2d 1101, 1111 (5th Cir.)).

4.    In deciding a Motion for Disqualification under 28 U.S.C. Sec. 455(a), the Court must evaluate if the facts surrounding the motion to Disqualify would "cast doubt in the public's mind" (a lay observer) on the Judge's "ability to remain impartial." Even if the facts only suggest the "appearance of impropriety," the sitting judge must disqualify themselves. *id.*

5. If all the Facts taken together raise the appearance of impropriety and may cause one (a lay observer) to reasonably question the Judge's impartiality, the Judge must recuse himself. *Id* at 1525.

6. It has been stated on numerous occasions that when a judge harbors any doubts concerning whether his disqualification is required he should resolve the doubt in favor of disqualification. *Id* at 1524, citing **United States v. Alabama**, 828 F.2d 1532, 1540 (11th Cir. 1987).

7. It is well settled law in the Eleventh Circuit, that the Courts have never permitted a non-attorney parent to act pro se on behalf of their child. See **FuQua v. Massey**, 615 F. App'x 611 at 612 (11th Cir. 2015) ("The right to appear pro se . . . is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others. Consequently, we have held that 'parents who are not attorneys may not bring a pro se action on their child's behalf.'"

## II. THE FACTS SUPPORTING A FINDING OF THE APPEARANCE OF IMPROPRIETY

8. It has come to MR. POLO'S attention that the Honorable Judge presiding this case worked from approximately some time in 1995 until around May of 2011 as a judge for Florida's Eleventh Judicial Circuit (EJC) presiding over family law matters as a co-worker with the Defendant Judge Scott M. Bernstein who worked at the same institution from somewhere around the end of 1998, beginning of 1999, and is still a judge at the EJC.

9. On May 4, 2023, Mr. Polo filed this case and paid the filing fee in full.

10. Due to financial constraints, Mr. Polo was forced to file to proceed in forma pauperis to get this honorable Court to appoint the U.S. Marshal's office for the process of service.

11. This Court approved the Motion to Proceed in forma pauperis, not to concede to Mr. Polo the benefit requested but solely to dismiss the complaint based on the application of 28 U.S.C. § 1915(e)(2)(B).

12. This is a case involving, among other things, deprivation of access to the court by State Judges who repeatedly failed to apply the correct principle of Law to MR. POLO'S case's fact in retaliation against MR. POLO for his political speech.

13. This Court prevented service of process for a long time by closing the case and vacating the order granting Mr. Polo's motion to proceed in forma pauperis and denying the motion to have the U.S. Marshals' office serve as a process server.

14. This court failed to state that MR. POLO was not permitted by law to bring a case on behalf of his minor children.

### III. ANALYSIS

15. The mere fact alone that this court had a previous long-standing relationship with at least one of the defendants in this case does not, by itself, rise to the level of giving the appearance of impropriety.

16. However, the appearance of impropriety arises when that fact is seen together with the facts that (1) even though Mr. Polo paid his filing fee in full, this Court approved the Application to Proceed in Forma Pauperis with the sole objective of using the provision of 28 U.S.C. § 1915(e)(2)(B) to dismiss the complaint; (2) this Court prevented service of process for a long time by closing the case and vacating the order granting Mr. Polo's motion to proceed in forma pauperis and by denying the motion to have the U.S. Marshals' office serve as a process server knowing MR. POLO was incapable of paying for the service; and (3) this court failed to disclose the fact that it is a well-settled law in the Eleventh Circuit Court of Appeals that a parent cannot bring causes of actions on behalf of his minor children.

17. Given that the judge previously worked alongside at least one of the defendants, there is a concern that the judge may be perpetuating the same pattern of improper behavior that Mr. Polo is alleging in his complaint, namely the intentional failure to apply the correct principles of law to benefit the opposing party and that would create a reasonable belief of impropriety in the eyes of any layperson.

18. Therefore, based on the facts surrounding this case, Mr. Polo holds a reasonable belief that he will not be afforded a fair opportunity to be heard and that the court may continue to engage in intentionally failing to apply the correct principles of law to the facts of Mr. Polo's case, as the State Judges have previously done. This could potentially force Mr. Polo with no choice but to win the case on appeal, which would be more difficult because appeals increases the chances of procedural failures.

19. **WHEREFORE**, the Plaintiff, Frank Polo, respectfully asks this Court to grant his *Motion for Disqualification and/or to Disclose Conflict of Interest* by disqualifying itself from presiding over this case, and to:

20. In the alternatively, disclose any possible conflict of interest this court may have by:

    a. having a past, present, or future interest in a teaching position with Defendant ST. THOMAS UNIVERSITY, INC.

    b. Being the direct or indirect beneficiary of political appointments, political favors, or having a personal relationship with any of the following persons, known to MR. POLO to have an interest in the outcome of this case: (1) Current Congresswoman Maria Elvira Salazar; (2) ex-chair of the Miami-Dade County Republican Party, Nelson Diaz; (3) Current Senator, Marco Rubio; (4) Current Senator, Rick Scott; (5) Ex-congresswoman, Ileana Ros-Lehtinen; (6) former U.S. Attorney for South Florida, Dexter Wayne Lehtinen; and/or (7) any of the current seating Judges in the Florida Third District Court of Appeals.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the forgoing *Motion will be served on* all the Defendants listed in the service list via USPS First-Class Mail.

Respectfully submitted on this 24 day of May 2024.

By: _____
PLAINTIFF
Frank Polo
1475 SW 8th St. Apt. 411
Miami, FL. 33135
Phone: 305-901-3360
E-Mail: FEPM2024@hotmail.com

**SERVICE LIST:**

THIRD DISTRICT COURT OF APPEALS
THOMAS LOGUE
2001 SW 117th Ave
Miami, FL. 33175

THOMAS LOGUE
2001 SW 117th Ave
Miami, FL. 33175

ELEVENTH JUDICIAL CIRCUIT COURT OF FLORIDA
Attn: NUSHIN G. SAYFIE
175 N.W. 1st AVE    Room: 3045
Miami, FL. 33128

MARCIA DEL REY
175 N.W. 1st AVE Room: CHC 1925
Miami, FL. 33128

SPENCER MULTACK
175 N.W. 1st AVE
Miami, FL. 33128

ST. THOMAS UNIVERSITY, INC.
FITZGERALD, J. PATRICK ESQ.
110 MERRICK WAY SUITE 3-B
Coral Gables, FL. 33134

MANUEL A. SEGARRA III
2655 S Le Jeune Rd Penthouse 2 C
Coral Gables, FL. 33134

SEGARRA & ASSOCIATES, P.A.
Attn: MANUEL A. SEGARRA III
22655 S Le Jeune Rd Penthouse 2 C
Coral Gables, FL.    33134

SCOTT MARCUS BERNSTEIN
155 N.W. 3rd, ST.    Room: MDCC 14337
Miami, FL.    33128

RANDOLPH MARTINEZ
696 NW 127 CT
Miami, FL. 33182

MERLIN HERNANDEZ
696 NW 127 CT
Miami, FL. 33182