UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:23-cv-21684-RNS

FRANK E. POLO, SR.

    Plaintiff,

v.

SCOTT MARCUS BERNSTEIN;
MARCIA DEL REY;
SPENCER MULTACK;
THOMAS LOGUE;
MANUEL A. SEGARRA III;
MERLIN HERNANDEZ;
RANDOLPH MARTINEZ;
ST. THOMAS UNIVERSITY, INC.;
SEGARRA & ASSOCIATES, P.A.;
THIRD DISTRICT COURT OF APPEALS;
ELEVENTH JUDICIAL CIRCUIT COURT
OF FLORIDA;

    Defendants.

_____

### DEFENDANT'S (ST. THOMAS UNIVERSITY, INC.) MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT

Defendant, St. Thomas University, moves to dismiss Plaintiff's Fourth Amended Complaint (DE 38) pursuant to Fed. R. Civ. P. 12(b)(6).

### Overview

Plaintiff filed this action over one (1) year ago and, in his Fourth Amended Complaint, Plaintiff attempts in a voluminous pleading to assert claims against eleven (11) defendants for various claims allegedly arising out of a family court action. The Fourth Amended Complaint was served on St. Thomas University on June 21, 2024, a full thirteen (13) months after this action was

commenced.[1] Plaintiff alleges that St. Thomas University is a state actor, and seeks to invoke this Court's jurisdiction on that basis to assert claims against the University for "Arbitrary, Capricious, Malicious, and Lacking Rational Basis Breach of Implied In-Law Contract" (Count 7), "Gross Negligence Under Florida Law" (Count 9), and "Intentional Infliction of Emotional Distress" (Count 10). These claims against St. Thomas University which are far afield from the other claims arising from Plaintiff's family court action seek to hold the University liable for the application of its Honor Code and the alleged dismissal of Plaintiff from the University's College of Law. The claims fail to state causes of action cognizable by this court because (1) there is no basis to assert federal jurisdiction over these claims and (2) they fail to state claims under Florida law.

## Argument

### I. St. Thomas University is not a state actor and therefore Plaintiff's purported basis for federal jurisdiction over his claims fails.

Plaintiff alleges that this action involves the deprivation of his constitutional rights and that all Defendants acted under color of state law. The jurisdiction of this court as to St. Thomas University is apparently premised upon the allegation that it is a state actor and that "STU Management was acting under color of state law" (Paragraph 234) in enforcing its Honor Code. In paragraph 17 however, Plaintiff acknowledges that the University is a Florida non-profit corporation.

It is the plaintiff's duty in a federal civil action to identify in the Complaint the basis for the court's subject matter jurisdiction. *Taylor v. Appleton*, 30 F. 3d 1365, 1367 (11th Cir. 1994). A plaintiff must affirmatively allege facts establishing the existence of jurisdiction. *Id.* When a plaintiff fails to allege facts that, if true, show that federal subject matter jurisdiction over his case

---

[1] This Court afforded Plaintiff with an extension to effectuate service until May 24, 2024 (DE 29). Plaintiff did not meet that deadline with regard to St. Thomas University and that reason alone should suffice to dismiss this case with prejudice.

2

exists, "district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency." *Travaglio v. Am. Exp. Co.*, 735 F. 3d 1266, 1268 (11th Cir. 2013).

"Title 42 U.S.C. § 1983 provides every person with the right to sue those acting under color of state law for violations of federal constitutional" provisions. *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1299 (11th Cir. 2007). A private university like St. Thomas University only acts under color of law—or as a "state actor"— when "there is such a 'close nexus between [the government actor] and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *See Brentwood Acad. v. Tenn. Secondary Athletic Ass'n*, 531 U.S. 288, 296, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001); *Hiwassee College, Inc. v. S. Assoc. of Colls. & Schools*, 531 F.3d 1333, 1335 n.3 (11th Cir. 2008).[2]

St. Thomas University is not a state actor and none of the "rare circumstances" allowing a § 1983 claim against a private actor have been alleged. *Andela v. Univ. of Miami*, 461 Fed. App'x 832, 836-37 (11th Cir. 2012) (quoting *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). In order to establish that a private party is a state actor, a plaintiff must establish one of the following: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution [or federal law]; (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State; or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise. *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quotations omitted).

---

[2] Generally, allegations that a private school receives public funding and is obligated to comply with government regulations is not enough to plead the state actor requirement. *See L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 840-42, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982)).

3

This Court has previously declined to exercise supplemental jurisdiction as to Plaintiff's state law claims. Plaintiff has been directed to establish diversity jurisdiction to support federal court jurisdiction but has failed to do so. (DE 22, p. 3; DE 26, p. 3).

For these reasons, Plaintiff's claims against St. Thomas University set forth in the Fourth Amended Complaint should be dismissed with prejudice.

## II.     Plaintiff's claims against St. Thomas University fail to state a cause of action under Florida law.

Even if this Court could and did assert jurisdiction over Plaintiff's claims against St. Thomas University, Plaintiff's claims plainly fail to state causes of action. It is well established that under Florida law the legal relationship between a student and a university is **solely** contractual in nature. *See, e.g., Sirpal v. University of Miami*, 509 Fed. Appx. 924 (11th Cir. 2013); *Jallali v. Nova Se. Univ., Inc.*, 992 So.2d 338, 342 (Fla. 4th DCA 2008). "A court will not interfere with a private university's enforcement of its regulations unless the university has acted arbitrarily or capriciously, in violation of a constitution, or for fraudulent purposes." *Jallali*, 992 So.2d at 343. Consequently, a student's claim challenging a university's administration of its rules or the exercise of its judgment must demonstrate an arbitrary or capricious departure from its policies. On the question of determining whether a student has failed to meet the requirements of a school, there is "a wide discretion permitted by school authorities, and courts will not interfere, unless the school authorities are shown to have acted in bad faith or exercised their discretion arbitrarily." *Militana v. University of Miami*, 236 So.2d 162 (Fla. 3d DCA 1970). Consequently, Plaintiff's claim would need to allege the factual elements of a breach of contract as governed and constrained by Florida law.

Plaintiff's claims for breach of implied-in-law contract, gross negligence under Florida law, and intentional infliction of emotional distress do not state causes of action because they seek to assert liability theories inapplicable to the University.

For this additional reason, Plaintiff's claims against St. Thomas University should be dismissed in their entirety.

## Conclusion

Plaintiff has been provided with ample opportunities to amend his Complaint and state causes of action against viable Defendants. The claims against St. Thomas University in the Fourth Amended Complaint have no jurisdictional or substantive basis and should be dismissed with prejudice. Defendant, St. Thomas University, Inc., respectfully requests that this Court enter a final order of dismissal in its favor.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record on the Service List below.

/s/ Roberto J. Diaz

Roberto J. Diaz, Esq.

## SERVICE LIST
CASE NO: 1:23-cv-21684-RNS
*United States District Court, Southern District of Florida*

Frank Polo
Fepm2024@hotmail.com
1475 SW 8th St, Apt. 411
Miami, FL 33135
Telephone: (305)901-3360

*Plaintiff*

Roberto J. Diaz
rjd@jpfitzlaw.com
J. Patrick Fitzgerald & Assoc., P.A.
110 Merrick Way, Suite 3-B
Coral Gables, FL 33134
Telephone: (305) 443-9162
Facsimile: (305) 443-6613

*Counsel for St Thomas University, Inc.*