United States District Court<br>
for the<br>
Southern District of Florida

| | |
|---|---|
| Frank Polo, Sr., Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-21684-Civ-Scola |
| Scott Marcus Bernstein, in both | ) |
| his individual and official | ) |
| capacities, and others, Defendants. | ) |

### Order Denying Motion to Recuse

    This matter is before the Court on pro se Plaintiff Frank Polo, Sr.'s motion for disqualification. (Pl.'s Mot., ECF No. 41.) 28 U.S.C. § 455(a) requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and § 455(b) requires recusal in certain specifically enumerated circumstances. Although Polo references only § 455(a), it appears his grievances may also be based on § 455(b)(1) as well. Polo's allegations of impartiality stem, partly, from the undersigned's having presided over family law matters in Florida's Eleventh Judicial Circuit as a judge in that court. Of particular concern to Polo is that Defendant Judge Scott M. Bernstein and the undersigned's tenures, at one point, overlapped in that same family court. Recognizing that this relationship alone is insufficient to give rise to the appearance of impropriety, Polo identifies two adverse rulings against him and the Court's failure to advise him that he may not proceed, on a pro se basis, on behalf of his minor children, to further support his motion. Polo says that the combination of these factors together warrants the undersigned's recusal. The Court disagrees and therefore **denies** his motion (**ECF No. 41**).

    Under § 455, recusal is required when a district judge's "impartiality might reasonably be questioned" or when the district judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Regions Bank v. Leg. Outsource PA*, 800 F. App'x 799, 800 (11th Cir. 2020).

    Polo's reliance on two of the Court's orders (one approving Polo's motion to proceed in forma pauperis and the other vacating that order, at his request, and administratively closing this case) along with the Court's failure to advise him that he may not, as a pro se litigant, represent the interests of his minor children, do not support disqualification. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v.*

*United States*, 510 U.S. 540, 555 (1994). This is so regardless of how Polo himself characterizes the orders: "the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Thomas v. Tenneco Packaging Co., Inc.,* 293 F.3d 1306, 1329 (11th Cir.2002). In other words, in evaluating a motion for disqualification, the Court considers "how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *U.S. v. Jordan,* 49 F.3d 152, 156 (5th Cir. 1995). So Polo's unsupported conjecture about the undersigned's motives—that the Court granted Polo's motion to proceed *in forma pauperis* with the "sole objective" of using that status to dismiss his complaint (Pl.'s Mot. at 3); that the Court denied his request to appoint the Marsal's office for service of process "knowing Mr. Polo was incapable of paying for service" (*id.*); and that the Court has "intentionally fail[ed] to apply the correct principles of law to the facts" (*id.*)—is not relevant. Similarly unavailing is Polo's complaint that the Court failed to advise him that he may not proceed pro se on behalf of his minor children. First, it is not the Court's responsibility to identify for a litigant every conceivable defect in his case—especially so when his pleading is not yet in a viable form. Further, even if that was the Court's responsibility, Polo has failed to supply any link between the purported failure to flag an issue for a party and the Court's alleged impartiality. Ultimately, to rely on the Court's rulings (or lack thereof) to support disqualification, Polo would have to show that the Court's orders and decisions "demonstrate such pervasive bias and prejudice that it constitutes bias against a party." *Anderson v. Vanguard Car Rental USA Inc.*, 427 F. App'x 861, 864 (11th Cir. 2011). Polo's submission falls far short of this standard.

   Polo's speculation that the undersigned's prior professional relationship with Judge Bernstein triggers impartiality is similarly unavailing. Lacking is any objective support for Polo's cursory contention that, because of this association, the Court is "intentional[ly] fail[ing] to apply the correct principles of law to benefit the opposing party." (Pl.'s Mot. at 3.) Simply identifying an association, and a weak one at that, between the undersigned and another judge, well over a decade in the past, is insufficient to raise doubts about the Court's impartiality in this case or otherwise implicate a personal bias or prejudice.

   In sum, Polo has not identified any extrajudicial sources that demonstrate a bias, and has failed to demonstrate that the undersigned's judicial actions raise concerns.

Accordingly, after considering the motion, the record, and the relevant legal authorities, the Court **denies** Polo's motion for recusal (**ECF No. 41**), for the reasons set forth above.

**Done and ordered**, in Miami, Florida, on July 22, 2024.

_____
Robert N. Scola, Jr.
United States District Judge