U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
(Miami Civil Division)

| | |
|---|---|
| FRANK POLO, et al.<br>Plaintiffs,<br><br>v.<br><br>BERNSTEIN, et al.<br><br>Defendants,<br>_____ / | )<br>)<br>)<br>)<br>)  CASE NO: ___23-CV- 21684___ /<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FILED BY ___ D.C.
AUG 19 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**MOTION TO ALTER OR AMEND ORDER DENYING 41 MOTION TO RECUSE (ECF No. 54).**

1. The Plaintiffs, Frank Polo, respectfully request that this honorable Court grant this *Motion to Alter or Amend the Order Denying the Motion to Recuse (ECF No. 54)* pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), and in support thereof, state as follows:

2. The Plaintiff contends that the Court erred in denying the Motion to recuse (ECF No. 41) and in support thereof states as follows:

3. In Florida, it is well-established that a court's fundamental duty is to apply correct legal principles to admitted facts. A failure to do so infringes on a litigant's due process rights as guaranteed under Section 4 of the Declaration of Rights of our Constitution (**State v. Smith**, 118 So. 2d 792 (Fla. 1st DCA 1960), adopted by the Fla. Sup. Ct. in **Haines City Community Dev. v. Heggs**, 658 So. 2d 523 (Fla. 1995)).

4. Similarly, 28 U.S.C. § 455(a) requires a judge to disqualify themselves if their impartiality might reasonably be questioned, upholding the principle that "justice must satisfy the appearance of justice" (**Parker v. Connors Steel Co.**, 855 F.2d 1510 (11th Cir. 1987), citing **Offutt v. United States**, 348 U.S. 11 (1954)).

5. Section 455(a) employs an objective standard: whether a reasonable, disinterested observer, fully informed of the facts, would harbor significant doubts about the judge's impartiality (Parker, 855 F.2d at 1524, citing **Potashnick v. Port City Const. Co.**, 609 F.2d 1101, 1111 (5th Cir. 1980)).

6. In evaluating a Motion for Disqualification under 28 U.S.C. § 455(a), the Court must assess whether the facts create a reasonable doubt about the judge's impartiality in the public's mind. Even the appearance of impropriety necessitates disqualification (Parker, 855 F.2d at 1524).

7. The court erred by analyzing Mr. Polo's recusal reasons in isolation rather than considering them collectively. This fragmented approach prevented a comprehensive assessment of the overall appearance of bias.

8. While the Judge's prior association with Judge Bernstein alone may not justify recusal, it becomes problematic when combined with other issues. Specifically, the court's failure to apply correct legal principles by approving the motion to proceed in forma pauperis solely as a pretext to dismiss the case, and the omission of Mr. Polo's pro se status—which would have barred him from pursuing a cause of action on behalf of his children—suggests bias.

9. Moreover, the court's handling of Mr. Polo's request to vacate the dismissal order and the motion to appoint the U.S. Marshal as server of process further indicates bias. These actions create reasonable doubt about the judge's impartiality, particularly given that a party with a prior relationship with the Judge benefited from these decisions.

10. Additionally, the court overlooked how its actions caused significant delays in the service of process and unduly prolonged the proceedings.

11. The court also failed to address Mr. Polo's concerns about potential conflicts of interest involving members of the Republican Party, parties in this case, and the State Attorney's Office, who may have a vested interest in the case's outcome.

12. The court's behavior reflects a tactical approach to civil procedure, where technicalities are exploited to win a case, a strategy often taught in law school. This approach undermines the fairness of the proceedings.

13. The court argued that Mr. Polo needed to demonstrate "such pervasive bias and prejudice that it constitutes bias against a party." However, it is well-established that failing to apply the correct legal principles constitutes a due process violation. Despite possible errors, the court has not justified its actions, particularly the approval of the Motion to Proceed in Forma Pauperis, which seemingly aimed solely at dismissing the case. Given that a former peer of the Judge

benefited from these decisions, a reasonable observer would view the Judge's rulings as biased and detrimental to Mr. Polo's due process rights.

14. Considering all these factors collectively, any reasonable person fully informed of the circumstances would reasonably believe that the Judge is biased and that Mr. Polo will not receive a fair trial or might be unfairly prevented from reaching a jury due to the court's actions.

15. **WHEREFORE**, the Plaintiff respectfully requests that this honorable Court, after reviewing the case law and rules stated in this motion, grant this *Motion to Alter or Amend the Order Denying the Motion to Recuse (ECF No. 54)*, vacate the Order Dismissing the Case with Prejudice (ECF No. 55), reopen the case, and reinstate all other pending motions that were pending resolution before the Court dismissed and closed the case. Additionally, the Plaintiff requests any other remedy that the Court deems just and proper.

### CERTIFICATE OF GOOD FAITH CONFERENCE

16. Mr. Polo has made reasonable efforts to confer with all affected parties by sending an email requesting their stance on the motion and inviting them to contact him by phone. Despite sending the email at 11:40 AM, Mr. Polo received only out-of-office replies by 3:30 PM. Due to personal reasons, he must file the motion today instead of Monday. However, he is open to conferring and will amend the motion if an agreement is reached.

Respectfully submitted,

By: /s/ Frank Polo
PLAINTIFF
Frank Polo
1475 SW 8th St. Apt. 411
Miami, FL. 33135
Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2024, a true and correct copy of the foregoing was filed/mailed with/to the Clerk of the Court who will use the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record on the Service List below.

Roberto J. Diaz                                     By: /s/ Frank Polo
rjd@jpfitzlaw.com                                   PLAINTIFF
J. Patrick Fitzgerald & Assoc., P.A.                Frank Polo

110 Merrick Way, Suite 3-B
Coral Gables, FL 33134
Counsel for St. Thomas University

Jennifer Rebeca Perez Alonso
jalonso@beasleydemos.com
Stephanie Elaine Demos
sdemos@beasleydemos.com
Joseph W. Beasley
jbeasley@beasleydemos.com
Beasley, Demos & Brown, LLC
201 Alhambra Circle
Suite 501
Coral Gables, Florida 33134
Counsels for Defendants Manuel Segarra,
and Segarra & Associates, P.A.

1475 SW 8th St. Apt. 411
Miami, FL. 33135
Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

Kathryn Brucia
kathryn.brucia@myfloridalegal.com
Martha Hurtado
Martha.Hurtado@myfloridalegal.com
Martine Legagneur
Office of the Attorney General
110 SE 6th St Ste 1200
Fort Lauderdale, FL 33301-5031
martine.legagneur@myfloridalegal.com
Counsels for Scott Bernstein, Marcia Del Rey,
Spencer Multack, and Thomas Logue



PRESS FIRMLY TO SEAL

**UNITED STATES POSTAL SERVICE** ® | **PRIORITY® MAIL**

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

**PRIORITY ★ MAIL ★**

FROM:
Frank Polo
1455 SW 8th St Apt 41
Miami, FL 33135



REC'D BY
AUG 19 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

USPS.COM/PICKUP

TO: Attn: U.S. District Court Clerk
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Ave. 8th Floor
Miami, Florida 33128

EXPECTED DELIVERY DAY: 08/19/24
USPS TRACKING® #
9505 5152 5583 4229 8657 03
OD: 12 1/2 x 9 1/2

Label 228, March 2016    FOR DOMESTIC AND INTERNATIONAL USE