UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
(Miami Civil Division)

FRANK POLO, et al.
Plaintiffs,

v.

BERNSTEIN, et al.

Defendants,
_______________/

CASE NO: 23-CV-21684 /

FILED BY [signature] D.C.
AUG 19 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO ALTER OR AMEND THE JUDGMENT (ECF NO. 55)**

The Plaintiff, Frank Polo, submits this Memorandum of Law In Support of the Motion To Alter Or Amend The Judgment (ECF NO. 55), and further states:

## § 1.INTRODUCTION

6. Mr. Polo contends that the court erred in its handling of his case by not liberally construing his pro se complaint and improperly analyzing it as a "shotgun pleading." He asserts that pro se pleadings should be interpreted more leniently and that his complaint, despite its inartful presentation, provides sufficient detail to inform the defendants of the claims against them. Specifically, he argues that Count 4 of his complaint clearly identifies the defendants, describes their alleged misconduct, and outlines the legal basis for his claims, thus putting the defendants on notice.

7. Additionally, Mr. Polo claims the court's dismissal of his complaint with prejudice was unjustified. He argues that such a severe sanction should only be imposed in extreme cases of delay or contempt, which he believes were not present here. He further asserts that the court failed to provide specific findings supporting this dismissal and that his attempts to amend the complaint were made in good faith.


4. Mr. Polo has made reasonable efforts to confer with all affected parties by sending an email requesting their stance on the motion and inviting them to contact him by phone. Despite sending the email at 11:40 AM, Mr. Polo received only out-of-office replies by 3:30 PM. Due to personal reasons, he must file the motion today instead of Monday. However, he is open to conferring and will amend the motion if an agreement is reached.

Respectfully submitted,

By: ____________________
PLAINTIFF
Frank Polo
1475 SW 8th St. Apt. 411
Miami, FL. 33135
Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 16, 2024, a true and correct copy of the foregoing was filed/mailed with/to the Clerk of the Court who will use the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record on the Service List below.

By: ____________________
PLAINTIFF
Frank Polo
1475 SW 8th St. Apt. 411
Miami, FL. 33135
Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

Roberto J. Diaz
rjd@jpfitzlaw.com
J. Patrick Fitzgerald & Assoc., P.A.
110 Merrick Way, Suite 3-B
Coral Gables, FL 33134
Counsel for St. Thomas University

Jennifer Rebeca Perez Alonso
jalonso@beasleydemos.com
Stephanie Elaine Demos
sdemos@beasleydemos.com
Joseph W. Beasley
jbeasley@beasleydemos.com
Beasley, Demos & Brown, LLC
201 Alhambra Circle
Suite 501
Coral Gables, Florida 33134
Counsels for Defendants Manuel Segarra, and Segarra & Associates, P.A.

Kathryn Brucia
kathryn.brucia@myfloridalegal.com
Martha Hurtado
Martha.Hurtado@myfloridalegal.com
Martine Legagneur
Office of the Attorney General
110 SE 6th St Ste 1200
Fort Lauderdale, FL 33301-5031
martine.legagneur@myfloridalegal.com
Counsels for Scott Bernstein, Marcia Del Rey, Spencer Multack, and Thomas Logue

5.

8. Finally, Mr. Polo challenges the court's refusal to recuse itself, alleging that the judge's prior associations and handling of procedural matters indicate bias. He argues that the judge's actions, including delays and decisions benefiting a party with prior ties to the judge, created a reasonable appearance of partiality, impacting his right to a fair trial.

## § 2. THIS HONORABLE COURT ERRED IN FAILING TO LIBERALLY CONSTRUE MR. POLOS COMPLAINT, AND FAILED TO PROPERLY ANALYZE THE COMPLAINT BEFORE SUMMARILY AS A SHOTGUN PLEADING;

9. A document filed pro se is "to be liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." **Erickson v. Pardus**, 551 U.S. 89, 94 (2007) (internal quotations omitted).

10. Moreover, "the Eleventh Circuit in Weiland suggests that district courts in our circuit should look to substance over form" *See* **Downing v. MIDLAND FUNDING, LLC**, No. 2: 15-cv-00737-RDP (N.D. Ala. Jan. 12, 2016) citing **Weiland v. Palm Beach Cty. Sheriff's Office**, 792 F.3d 1326, 1320 (11th Cir. 2015) (holding that the court is "not retreating from this circuit's criticism of shotgun pleadings, but instead [is] deciding that, whatever [its] faults, [the complaint is] informative enough to permit a court to readily determine if they state a claim upon which relief can be granted")

11. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." **Weiland**, 792 F.3d 1326, 1323 (11th Cir. 2015)

12. In this case, Mr. Polo is not asking this court to rewrite his pleading but to try to look beyond the fact that there may be a few "conclusory assertions in trying to state a claim." For example, a simple analysis of Count 4, which this honorable Court used as an example of how is trying to rely on conclusory assertions in trying to state a claim, will show that Count 4 puts the Defendants on notice of the legal actions against them as follows:

(A) **Identification of Defendants:** The count clearly identifies each defendant by name and role, including specific judges and courts. This specificity helps ensure that the defendants understand who is being accused and in what capacity.

(B) **Description of Alleged Conduct:** The count meticulously describes the actions or omissions of each defendant that allegedly constitute the violation of the plaintiff's rights. It outlines the timeline and specific incidents, making it clear what each defendant is accused of.

(C) **Legal Basis for Claims:** It specifies the legal framework underpinning the claims, including relevant constitutional provisions and statutes, such as 42 U.S.C. § 1983. This helps the defendants understand the legal grounds on which the claims are based.

(D) **Allegations of Retaliation and Deprivation of Rights:** The count explains how the actions of the defendants are alleged to be retaliatory and in violation of the plaintiff's constitutional rights. This provides context for the claims and demonstrates how the plaintiff believes the defendants' conduct is unlawful.

(E) **Request for Relief:** The count concludes with a clear request for relief, including a demand for a prospective declaratory judgment, attorney's fees, and costs. This informs the defendants of the specific remedies the plaintiff is seeking.

13. By providing such detailed allegations and outlining the legal and factual basis for the claims, the count effectively puts the defendants on notice of the nature and scope of the legal action against them. This level of detail is important for ensuring that the defendants can adequately respond to the allegations in their defense.

14. Probably the name of the count is inartful; however, putting substance over form, it's clear that MR. POLO is asking for a declaratory judgment, for independent constitutional damages caused by each independent individual properly identified.

15. For example, Count 4 (H) details and puts JUDGE BERNSTEIN on notice about how he violated his access to the court by creating and engaging in a retaliatory scheme to deprive MR. POLO of his access to the court, in which he treats MR. POLO impartially by entrapping Mr. Polo on December 15, 2015, when he refused to determine the rights of the parties, and then later found MR. POLO is in contempt of court for his own failure to determine the rights of the parties under the agreement, and the count keeps narrating every single occasion in which JUDGE BERNSTEIN failed to provide MR. POLO with due process by remaining neutral and by applying the law.

16. Admitted, after further research, Mr. Polo has found that the Complaint could benefit from having fewer details and the failure to do that is not because MR. POLO intentionally wanted the court to dismiss the case, but because he does not have the necessary skills to properly plead as a professional attorney.

17. This court is well aware of the financial difficulties that MR. POLO has. However, this court clearly has admitted that Mr. Polo has tried to improve the pleading. If every single Pro Se was able to plead properly, then the rule of leniency toward Pro Se pleadings would not be necessary.

18. Consequently, this court failed to first construct the complaint liberally to make justice, and focused on a few, arguably, conclusory statements.

**§ 3. DISMISSING THE COMPLAINT WITH PREJUDICE IS ERRONEOUS**

19. "[I]f a plaintiff files an amended complaint adding additional parties without first obtaining leave of the court, the defect may be corrected and does not, in itself, justify dismissal of the action." **Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.**, 805 F. 2d 732 (7th Cir. 1986) (citing **United States v. Schine**, 125 F.Supp. 738, 20 Fed.R.Serv. 336, 337 (W.D.N.Y.1954); **Orloff v. Hayes**, 7 F.R.D. 75, 76 (S.D.N.Y.1946).

20. It's the law in the 11th Circuit that "a dismissal with prejudice, whether on motion or *sua sponte,* is an extreme sanction that may be properly imposed only when: `(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" **Weiland**, 792 F. 3d 1313 at 1331. Fn. 10, (citing **Betty K Agencies, Ltd. v. M/V/MONADA**, 432 F. 3d 1333 ( 11th Cir. 2005).

21. The Eleventh Circuit has also held that "'The severe sanction of dismissal with prejudice, however, can be imposed only in the face of a *clear record* of delay or *contumacious conduct* by the plaintiff.' Dismissal with prejudice is a sanction of last resort that is to be utilized only in extreme situations." **Morewitz v. West of England**, 62 F. 3d 1356 - Court of Appeals, 11th Circuit 1995

22. The Court may dismiss with prejudice under Fed, R, Civ. P. 41(b). However, in **Goforth v. Owens**, 766 F.2d 1533, 1535 (11th Cir.1985) the 11 cir. Ct. stated that "[t]he legal standard to

be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."

23. In this case, the court did not state under which authority is dismissing the complaint. However, if it was under Fed. R. Civ. P. 41(b), this court has failed to state any specific findings of record of delaying the case or being in contempt of court supporting the dismissal with prejudice. Even when the court says that Mr. Polo has failed to comply with the Court's orders, that statement is contradicted by the statement that recognizes MR. POLO has been trying. Moreover, MR. POLO'S good faith attempts to try is shown by the fact that even when MR. POLO mistakenly added additional defendants without leave of court, the complaint was reduced to 40 pages only.

24. Moreover, the simple fact of mistakenly adding parties without leave of court, does not rise to the level of outrageous conduct in violation of a court order as to dismiss the case, and even less to the level of dismissing it with prejudice.

25. Consequently, for all the facts and law explained in this section, the Plaintiff believes that this court committed errors in dismissing with prejudice, which is an extreme sanction and will bring substantial financial harm to Plaintiff and will leave him without any recourse at law.

## § 4. THIS COURT ERRED IN DENYING THE PLAINTIFF'S MOTION TO RECUSE

26. In Florida, it is well-established that a court's fundamental duty is to apply correct legal principles to admitted facts. A failure to do so infringes on a litigant's due process rights as guaranteed under Section 4 of the Declaration of Rights of our Constitution (State v. Smith, 118 So. 2d 792 (Fla. 1st DCA 1960), adopted by Haines City Community Dev. v. Heggs, 658 So. 2d 523 (Fla. 1995)).

27. Similarly, 28 U.S.C. § 455(a) requires a judge to disqualify themselves if their impartiality might reasonably be questioned, upholding the principle that "justice must satisfy the appearance of justice" (Parker v. Connors Steel Co., 855 F.2d 1510 (11th Cir. 1987), citing Offutt v. United States, 348 U.S. 11 (1954)).

28. Section 455(a) employs an objective standard: whether a reasonable, disinterested observer, fully informed of the facts, would harbor significant doubts about the judge's impartiality

(Parker, 855 F.2d at 1524, citing Potashnick v. Port City Const. Co., 609 F.2d 1101, 1111 (5th Cir. 1980)).

29. In evaluating a Motion for Disqualification under 28 U.S.C. § 455(a), the Court must assess whether the facts create a reasonable doubt about the judge's impartiality in the public's mind. Even the appearance of impropriety necessitates disqualification (Parker, 855 F.2d at 1524).

30. The court erred by analyzing Mr. Polo's recusal reasons in isolation rather than considering them collectively. This fragmented approach prevented a comprehensive assessment of the overall appearance of bias.

31. While the Judge's prior association with Judge Bernstein alone may not justify recusal, it becomes problematic when combined with other issues. Specifically, the court's failure to apply correct legal principles by approving the motion to proceed in forma pauperis solely as a pretext to dismiss the case, and the omission of Mr. Polo's pro se status—which would have barred him from pursuing a cause of action on behalf of his children—suggests bias.

32. Moreover, the court's handling of Mr. Polo's request to vacate the dismissal order and the motion to appoint the U.S. Marshal as server of process further indicates bias. These actions create reasonable doubt about the judge's impartiality, particularly given that a party with a prior relationship with the Judge benefited from these decisions.

33. Additionally, the court overlooked how its actions caused significant delays in the service of process and unduly prolonged the proceedings.

34. The court also failed to address Mr. Polo's concerns about potential conflicts of interest involving members of the Republican Party, parties in this case, and the State Attorney's Office, who may have a vested interest in the case's outcome.

35. The court's behavior reflects a tactical approach to civil procedure, where technicalities are exploited to win a case, a strategy often taught in law school. This approach undermines the fairness of the proceedings.

36. The court argued that Mr. Polo needed to demonstrate "such pervasive bias and prejudice that it constitutes bias against a party." However, it is well-established that failing to apply the correct legal principles constitutes a due process violation. Despite possible errors, the court has not justified its actions, particularly the approval of the Motion to Proceed in Forma Pauperis,

which seemingly aimed solely at dismissing the case. Given that a former peer of the Judge benefited from these decisions, a reasonable observer would view the Judge's rulings as biased and detrimental to Mr. Polo's due process rights.

37. Considering all these factors collectively, any reasonable person fully informed of the circumstances would reasonably believe that the Judge is biased and that Mr. Polo will not receive a fair trial or might be unfairly prevented from reaching a jury due to the court's actions.

## § 5.CONCLUSION

38. In light of the foregoing arguments, it is evident that the court erred in its handling of Mr. Polo's case. The court's failure to liberally construe the pro se complaint and its erroneous summary dismissal as a "shotgun pleading" ignored the detailed allegations and substantial information provided, which sufficiently notified the defendants of the claims against them. Additionally, the imposition of a dismissal with prejudice was an extreme sanction that lacked justification, given the absence of a clear record of delay or willful contempt. Finally, the court's denial of Mr. Polo's motion to recuse, compounded by its handling of procedural matters and potential biases, undermined the fairness of the proceedings. Therefore, Mr. Polo respectfully requests that the court reconsider its decisions, reinstate the complaint, and ensure a fair and impartial evaluation of his claims.

Respectfully Submitted,

By: ____________________

PLAINTIFF
Frank Polo
1475 SW 8th St. Apt. 411
Miami, FL. 33135
Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

PRESS FIRMLY TO SEAL

UNITED STATES POSTAL SERVICE® | PRIORITY® MAIL

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.

** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

TRACK...

EXPECTED DELIVERY DAY: 08/19/24

USPS TRACKING® #

9505 5152 5583 4229 8687 03

PS00... October 2023 OD: 12 1/2 x 9 1/2

PAPER POUCH how2recycle.info

PRIORITY® ★ MAIL ★

UNITED STATES POSTAL SERVICE®

VISIT US AT USPS.COM® ORDER FREE SUPPLIES ONLINE

FROM:

Frank ...
... SW 8th St Apt 41...
Miami, FL 33135

RECEIVED BY ___ D.C.
AUG 19 2024
ANGELA E. NOBLE CLERK U.S. DIST. CT. S.D. OF FLA. - MIAMI

USMS INSPECTED

TO: Attn: U.S. District Court Clerk
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Ave. 8th Floor
Miami, Florida 33128

Label 228, March 2016 FOR DOMESTIC AND INTERNATIONAL USE

This package is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.

