# U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
## (Miami Civil Division)

FRANK POLO, et al.
    Plaintiffs,

v.

BERNSTEIN, et al.

    Defendants,
_____/

CASE NO: _____23-CV- 21684_____ /.

**EXPEDITED:** Needed by December 11, 2024

FILED BY _____ D.C.
NOV 27 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## AMENDED MOTION FOR REASSIGNMENT TO ANOTHER JUDGE AND TO EXPEDITE

1. **COMES NOW**, the Plaintiffs, Frank Polo, and respectfully amends the MOTION FOR RESIGNMENT TO ANOTHER JUDGE (ECF NO. 69) to add a request to expedite the motion under Local Rule 7.1(d)(2) and to clarify arguments, and moves this Honorable Court to reassign this matter to a different judge pursuant to the Code of Conduct for United States Judges Canon 1, 2(A), 3(A) and 3(C)(1) and 3(D).

2. This request is made based on substantial evidence demonstrating that the current presiding judge, Judge Robert N. Scola Jr., is ethically compromised, unable to maintain impartiality, and has violated the Canons of Judicial Conduct. The plaintiff submits that the circumstances, in this case, demonstrate that the judge's ability to render a fair and unbiased decision has been irreparably compromised, and as such, the appearance of impartiality has been undermined to the point where a reasonable person would reasonably question the judge's impartiality. Therefore, reassignment is warranted in accordance with the law.

### LEGAL STANDARD FOR RECUSAL AND REASSIGNMENT

3. The U.S. Supreme Court has unequivocally recognized that "the right to an impartial adjudicator, be it judge or jury, is such a right" that it cannot be treated as harmless error. **Gray v. Mississippi**, 481 U.S. 648, 666 (1987). In the context of judicial recusal, the Eleventh Circuit has outlined the standard for disqualification of a judge, which includes showing that the facts are

material, sufficiently stated with particularity, and would convince a reasonable person that bias exists. **U.S. v. State of Alabama**, 828 F.2d 1532, 1540 (11th Cir. 1987).

4. Further, a judge has a self-enforcing obligation to recuse where proper legal grounds exist, and any reasonable doubt about impartiality must be resolved in favor of recusal. **Id.** Importantly, disqualification is not contingent upon a demonstrated actual prejudice but rather is based on the appearance of bias or prejudice. **State of Alabama**, 828 F.2d at 1540. The Eleventh Circuit emphasizes that the appearance of impartiality is as important as actual impartiality, and even an appearance of impropriety can undermine public confidence in the judiciary. **Id.**

## CANON VIOLATIONS AND ETHICAL COMPROMISE

5. Plaintiff asserts that Judge Robert N. Scola Jr. has violated several fundamental Canons of Judicial Conduct, which are essential for preserving the integrity and impartiality of the judiciary. These include:

(A) **Canon 1** – A judge should maintain high standards of conduct and personally observe those standards to preserve the integrity and independence of the judiciary. The judge's behavior in this case demonstrates a clear failure to act without fear or favor, as evidenced by actions that disproportionately benefited Judge Bernstein, an individual with whom the judge has a longstanding professional relationship.

(B) **Canon 2(A)** – A judge should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Judge Robert N. Scola Jr.'s repeated refusal to acknowledge or address potential conflicts of interest involving Judge Bernstein—despite clear evidence of such conflicts—undermines public trust in the judiciary. The judge's decision-making process has been marked by actions that benefit Judge Bernstein by failing to apply correct principles of law, which creates an appearance of impropriety.

(C) **Canon 2(B)** – A judge should not allow personal relationships to influence judicial conduct or judgment. It is evident that Judge Robert N. Scola Jr. allowed his personal relationship with Judge Bernstein to improperly influence his handling of this case. This is exemplified by the judge's repeated rulings in favor of actions that benefited Judge Bernstein, such as, but not limited to, dismissing Mr. Polo's case on flawed legal grounds, allowing an extended period of delay before reopening the case, and dismissing a Motion to Appoint Marshal for Service of Process without having a hearing on such motion.

(D)     **Canon 3(A)(4)** – A judge should accord every person with a legal interest in a proceeding the full right to be heard according to law. The judge's failure to properly address Mr. Polo's claims, coupled with the dismissal of the case without thoroughly reviewing all counts, reflects a disregard for Plaintiff's right to a fair hearing.

(E)     **Canon 3(C)(1)(a)** – A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned. Given the long-standing professional relationship between Judge Robert N. Scola Jr. and Judge Bernstein, as well as the judge's actions throughout these proceedings, Plaintiff submits that the impartiality of Judge Robert N. Scola Jr. is now seriously in question. The judge's refusal to recuse himself, despite compelling evidence of bias, constitutes a violation of this Canon.

### FACTUAL BASIS FOR REASSIGNMENT

6. **Conflict of Interest with Judge Bernstein**: On May 24, 2024, Mr. Polo filed a Motion for Recusal (ECF No. 41), citing a direct conflict of interest between Judge Robert N. Scola Jr. and Judge Bernstein. The judge had worked with Judge Bernstein for approximately 13 years in the state court, creating a personal and professional relationship, in addition to the many rulings this Court has made without applying the Correct principle of law (see hereunder) which benefits Judge Bernstein, significantly undermines the appearance of impartiality. Despite the direct conflict, Judge Robert N. Scola Jr. did not adequately address these concerns or disclose the nature of any potential conflicts, thereby violating his ethical obligations under the Canons of Judicial Conduct.

7. **Misleading and Prejudiced Rulings**: (1) The judge issued an order dismissing Mr. Polo's case, erroneously claiming that Mr. Polo had failed to establish diversity jurisdiction, even though all parties were residents of Florida, (2) the Judge omitted Mr. Polo's inability to sue on behalf of his children, which would have justified Judge Bernstein's moving to dismiss at a later date, (3) the judge failed to properly address issues raised in Mr. Polo's motion for the appointment of a U.S. Marshal and dismiss the motion without a hearing on the motion, even though the lack of such an appointment and dismissal of the motion delayed Mr. Polo's ability to serve the defendants and effectively hindered his case, (4) this Court granted the MR. Polo's Motion to Proceed in forma pauperis, not to concede to Mr. Polo the benefit requested of appointing the Marshal, but solely to dismiss the complaint based on the improper application of 28 U.S.C. § 1915(e)(2)(B), (5) this court mislead the Plaintiff to think that the use of sporadic use of conclusory language

justified the dismissal of the complaint, while the Court had a duty to analyze the merits of the Complaint and not the form of the complaint under **Weiland v. Palm Beach Cty. Sheriff's Office**, 792 F.3d 1326, 1320 (11th Cir. 2015).

8. **Unexplained Delay and Dismissal**: The judge's actions in this case—closing the case for eight months before vacating the dismissal order and reopening the case—demonstrate an unjustified delay in proceedings, which unduly prejudiced Mr. Polo. Furthermore, the court dismissed the case with prejudice without fully analyzing the counts of the complaint, labeling it a "shotgun pleading" without providing a meaningful explanation or legal analysis about the merits of the Complaint, which is what matters under the rule explained in **Weiland**. This Court has cause unreasonable and unjustified delay in a case that was initially opened on May 4, 2023 (approximately 1 year, 6 months, 23 days ago).

9. **Failure to Address Conflicts**: Plaintiff's May 24, 2024, motion explicitly requested that the court disclose any conflicts of interest, particularly concerning its relationships with Mr. Polo's political rivals and other parties with an interest in the case. The court's "Order Denying Motion to Recuse" failed to address or even acknowledge these concerns, reinforcing the appearance that the judge was more concerned with protecting Judge Bernstein's interests than ensuring a fair and impartial process for Plaintiff.

## CONCLUSION

10. In light of the facts outlined above and the clear violations of judicial ethics, and for the delay this court caused by closing the case and dismissing it without applying the correct principle of law, it is respectfully requested the resolution of this motion to be expedited and that this case be reassigned to another judge. Given the nature of the judge's compromised impartiality, a reasonable person would doubt the judge's ability to fairly and impartially adjudicate this case. As such, reassignment is not only appropriate but necessary to preserve public confidence in the integrity of the judicial process.

**WHEREFORE**, Plaintiff, Mr. Polo, respectfully requests that this Court grant his *Amended Motion for Reassignment to Another Judge and to Expedite* and provide any further relief that the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

11. The resolution of this motion is entirely at the court's ethical discretion, and the parties cannot agree to reassign the case to another judge. Therefore, no effort has been made to confer.

Respectfully submitted,

By: /s/ Frank Polo
PLAINTIFF
Frank Polo
1475 SW 8th St. Apt. 411
Miami, FL. 33135
Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 27, 2024, a true and correct copy of the foregoing was filed/mailed with/to the Clerk of the Court who will use the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record on the Service List below.

Roberto J. Diaz
rjd@jpfitzlaw.com
J. Patrick Fitzgerald & Assoc., P.A.
110 Merrick Way, Suite 3-B
Coral Gables, FL 33134
Counsel for St. Thomas University

Jennifer Rebeca Perez Alonso
jalonso@beasleydemos.com
Stephanie Elaine Demos
sdemos@beasleydemos.com
Joseph W. Beasley
jbeasley@beasleydemos.com
Beasley, Demos & Brown, LLC
201 Alhambra Circle
Suite 501
Coral Gables, Florida 33134
Counsels for Defendants Manuel Segarra, and Segarra & Associates, P.A.

By: /s/ Frank Polo
PLAINTIFF
Frank Polo
1475 SW 8th St. Apt. 411
Miami, FL. 33135
Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

Kathryn Brucia
kathryn.brucia@myfloridalegal.com
Martha Hurtado
Martha.Hurtado@myfloridalegal.com
Martine Legagneur
Office of the Attorney General
110 SE 6th St Ste 1200
Fort Lauderdale, FL 33301-5031
martine.legagneur@myfloridalegal.com
Counsels for Scott Bernstein, Marcia Del Rey, Spencer Multack, and Thomas Logue

# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
(Miami Civil Division)

| | |
|---|---|
| FRANK E. POLO, SR.<br>      Plaintiff,<br>v.<br><br>SCOTT MARCUS BERNSTEIN, et al.<br>      Defendant,<br>_____/ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO:_____23-CV- 21684_____/ |

### PROPOSED ORDER ON PLAINTIFF'S AMENDED MOTION FOR REASSIGNMENT TO ANOTHER JUDGE AND TO EXPEDITE

THIS CAUSE comes before the Court upon the Plaintiff's Amended Motion for Reassignment to Another Judge and to Expedite, filed on November 27, 2024 (the "Motion"). The Court has reviewed the Motion, the arguments therein, the relevant legal standards, and the record in this case. For the reasons set forth below, the Court finds good cause to grant the Plaintiff's Motion.

ORDERED AND ADJUDGED as follows:

1. **Motion to Expedite**: The Plaintiff's request to expedite the resolution of this Motion is GRANTED. The Court shall prioritize the consideration of this Motion and will address it on an expedited basis pursuant to Local Rule 7.1(d)(2), which allows motions to be expedited upon a showing of good cause. The delay in resolving matters in this case, the nature of the allegations, and the urgency of ensuring a fair and impartial process justify this expedited consideration.

2. **Motion for Reassignment**: The Plaintiff's request to reassign this matter to a different judge is GRANTED. The Court finds that the Plaintiff has met the legal standard for reassignment of a case based on concerns of judicial impartiality, as follows:

   (a). Judicial Recusal and Disqualification Standards: Under 28 U.S.C. § 455(a), a judge is required to recuse himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned. The Eleventh Circuit has held that disqualification is not solely based on actual bias, but also on the appearance of bias or prejudice, and a reasonable person could reasonably question the impartiality of Judge Scola in this case due to his long-standing professional relationship with Judge Bernstein and acts benefiting Judge Bernstein. (See U.S. v. State of Alabama, 828 F.2d 1532, 1540 (11th Cir. 1987)).

(b). **Canon Violations**: The Plaintiff has raised concerns regarding violations of multiple Canons of Judicial Conduct:

    A. Canon 1 (a judge should maintain high standards of conduct to preserve the integrity and independence of the judiciary);

    B. Canon 2(A) (a judge should act in a manner that promotes public confidence in the integrity and impartiality of the judiciary);

    C. Canon 3(C)(1) (a judge shall disqualify themselves when their impartiality might reasonably be questioned). Given the substantial evidence of potential conflicts of interest and the appearance of bias due to Judge Scola's professional relationship with Judge Bernstein, these Canons warrant reassignment of this case. The Plaintiff has presented a legitimate argument that the current judge's impartiality is reasonably in question.

(c). **Appearance of Impropriety**: The Eleventh Circuit has underscored the importance of both actual and perceived impartiality in maintaining public confidence in the judiciary. The Court acknowledges that the appearance of impartiality is just as critical as actual impartiality. In this case, the Plaintiff's allegations raise concerns that go beyond mere personal bias, suggesting a systemic conflict that could undermine public trust in the judicial process (*See* **Gray v. Mississippi**, 481 U.S. 648, 666 (1987); U.S. v. State of Alabama, 828 F.2d at 1540).

(d). **Judicial Duty to Recuse**: Under **U.S. v. Alabama**, a judge has a self-enforcing obligation to recuse themselves where reasonable doubt exists about their impartiality, and the court must resolve any reasonable doubt in favor of recusal. Given the Plaintiff's compelling allegations, this obligation is triggered, and reassignment is warranted to ensure that the judicial process remains fair and unbiased.

As a result of these concerns and in order to preserve the integrity of the judicial process, this case is hereby reassigned to another judge in the Southern District of Florida. The Clerk of the Court is directed to randomly assign this case to a different judge, in accordance with the Court's internal reassignment procedures.

3. **Further Proceedings**: Upon reassignment, the new presiding judge shall review the case and schedule any necessary proceedings, including addressing any motions currently pending before the Court.

4. **Judicial Impartiality**: The Court emphasizes the importance of preserving the public's confidence in the judiciary and the necessity of upholding both the actual and perceived impartiality of the judicial process. This Order is intended to protect the integrity of the proceedings and to ensure that the case is adjudicated fairly, without any appearance of bias or conflict of interest.

5. **Conclusion**: The Plaintiff's Amended Motion for Reassignment to Another Judge and to Expedite is hereby **GRANTED**. The case will be reassigned to a different judge, and the Motion will be expedited as outlined above.

**SO ORDERED.**

DATED this ___ day of _____, 2024.

Done and ordered, in Miami Florida, on this _____ day of _____, 2024.

_____
Robert N. Scola Jr.
United States District Judge

Copy via email mail to:

| **FRANK POLO, SR.** | **MANUEL A. SEGARRA III, SEGARRA & ASSOCIATES, P.A.** | **SCOTT M. BERNSTEIN, MARCIA DEL REY, SPENCER MULTACK, THOMAS LOGUE** |
|---|---|---|
| FEPM2024@hotmail.com | | |
| **ST. THOMAS UNIVERSITY** | **Through**: Jennifer Rebeca Perez Alonso and Stephanie Elaine Demos. | **Through**: Martha Hurtado  martha.hurtado@myfloridalegal.com, |
| **Through**: Roberto Javier Diaz | jalonso@beasleydemos.com, | kathryn.brucia@myfloridalegal.com, |
| rjd@jpfitzlaw.com, icf@jpfitzlaw.com | sdemos@beasleydemos.com, crivera@beasleydemos.com, | martine.legagneur@myfloridalegal.com |
| | jmiller@beasleydemos.com, | |
| | jbeasley@beasleydemos.com | |