United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Frank Polo, Sr., Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-21684-Civ-Scola |
| Scott Marcus Bernstein, in both his | ) |
| individual and official capacities, | ) |
| and others, Defendants. | ) |

### **Third Omnibus Order**

Previously, the Court dismissed this case based on pro se Plaintiff Frank Polo, Sr.'s repeated failures, through five amended complaints, to comply with the Court's orders to properly plead his case. (2d Omnibus Order, ECF No. 55.) As the Court noted, Polo continually replicated various pleading defects, in each iteration of his complaint, despite the Court's repeated instructions directing him to comply with the Federal Rules of Civil Procedure and the Court's orders. Shortly after issuing that dismissal order, the Court entered a final judgment in favor of the Defendants and against Polo. (Final J., ECF No. 56.) Leading up to the dismissal, the Court also denied Polo's motion for the Court to recuse itself from this case. (Order Denying Mot. for Disqual., ECF No. 54.) Since then, Polo has filed a series of motions: for reconsideration of the order denying disqualification (Pl.'s 1st Mot. for Recon., ECF No. 57); to join parties and amend the complaint (Pl.'s Mot. to Join, ECF No. 58); to reconsider the Court's order of dismissal and final judgment (Pl.'s 2d Mot. for Recon., ECF No. 62); and two motions for this case to be reassigned to another judge (Pl.'s Mots. to Reassign, ECF Nos. 69, 71). Some of the Defendants have responded to Polo's motion for reconsideration of the dismissal of his case (Univ. Defs.' Resp., ECF No. 64; Law Firm Defs.' Resp., ECF No. 65; Judge Defs.' Resp., ECF No. 67), to which Polo has replied (Pl.'s Reply to Univ. & Law Firm Defs., ECF No. 66; Pl.'s Reply to Judge Defs., ECF No. 68). None of the Defendants has responded to any of Polo's other motions. After careful review, the Court **denies** Polo's motions (**ECF Nos. 57, 58, 62, 69, 71**).

   1. **Legal Standard**

"[I]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently

misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc.*, 808 F. Supp. at 1563. Certainly, if any of these situations arise, a court has broad discretion to reconsider a previously issued order. Absent any of these conditions, as here, however, a motion to reconsider is not ordinarily warranted.

### 2. Reconsideration of the Court's orders is not warranted.

First, rather than specifying any particular basis that would warrant reconsideration of the Court's orders, Polo's motions simply express his disagreement with the Court's rulings. Indeed, aside from listing the three main grounds justifying reconsideration in one of his replies, Polo does not cite any legal authority, in either motion, that would support reconsideration in this case. Except for disagreeing with the Court's analyses, in both its order denying recusal and its order dismissing his case, and rehashing arguments he has made previously, Polo fails to set forth any basis that would support the Court's revisiting its decision. *See Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (recognizing that a motion for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment") (cleaned up).

Second, Polo continues to demonstrate a misapprehension of the Court's orders. For example, Polo complains that the Court failed to assess his allegations of bias collectively, and instead improperly evaluated them in isolation only. That is, according to Polo, it is not only the Court's association with one of the defendant state-court judges in this case, well over a decade ago, but that association in combination with several Court orders with which Polo disagrees. While the Court agrees that, certainly, all circumstances that bear on the issue of disqualification should be considered, that doesn't mean that a series of circumstances, each insufficient on its own, would result in disqualification when combined. That is, nothing added to nothing, combined with nothing, is still nothing. *See Lindsey v. City of Beaufort*, 911 F. Supp. 962, 974 (D.S.C. 1995) ("[H]olding that these various circumstances in combination

require disqualification would be tantamount to holding that adding several zeroes together would produce something more than zero."); *see also Postell v. City of Cordele Georgia*, No. 22-13636, 2023 WL 4364503, at *4 (11th Cir. July 6, 2023) (recognizing that mere "disagreements with [a judge's] docket administration, timeliness, and judicial rulings and are . . . not valid bases for recusal" and that "[c]hallenges to adverse rulings are generally grounds for appeal, not recusal."). Additionally, Polo repeatedly complains that the Court has failed to disclose any other possible conflicts involving, Polo says, a teaching position at St. Thomas University and relationships with several Florida political figures and judges. (*See* ECF Nos. 57, 69, 71 (complaining about potential conflicts of interest based on conjectured associations with various entities and people).) The Court has not disclosed any such purported associations or conflicts because there are none.

Polo's arguments that the dismissal of his case was in error are similarly misplaced. For instance, Polo repeatedly claims that the Court failed to afford him sufficient leeway in light of his pro se status. A review of the record in this case, however, readily reveals the contrary. The Court repeatedly construed Polo's efforts at repleading generously, affording him all benefit of the doubt that he was at least attempting to comply with the Court's orders. Indeed, the Court erred well on the side of wasting scarce judicial resources, granting Polo multiple opportunities to present a compliant pleading to the Court. But each time, Polo filed a complaint that would have required the Court to "wade through hundreds of paragraphs of superfluous material in an effort to dig up a viable claim," which, in turn, would have resulted in the Court's "impermissibly giv[ing] the appearance of lawyering for [him]." *Barmapov v. Amuial*, 986 F.3d 1321, 1332 (11th Cir. 2021) (cleaned up) (Tjoflat, J., concurring). Polo similarly continues to complain about the Court's treatment of his request to proceed *in forma pauperis*. At bottom, Polo's grievance amounts to his seeking to have it both ways: the benefit of service on the Defendants by the United States Marshals but without the burden of mandatory Court screening of his complaint as is required under 28 U.S.C. § 1915. *See Thomas v. Clayton Cnty. Bd. of Commissioners*, No. 22-10762, 2023 WL 1487766, at *4 (11th Cir. Feb. 3, 2023) (noting that "dismissal under section 1915 is now mandatory once [a] district court determines [a] complaint fails to state a claim"). While the Court recognized it would not be fair to dismiss Polo's complaint (even without prejudice), when he had in fact paid the Court's initial filing fee; at the same time, Polo failed to convince the Court it should exercise its discretion to burden the Marshals with perfecting service of process of his shotgun complaint on the Defendants in this case.

Likewise, Polo's insistence that his complaint is not a shotgun pleading and that it presents at least one viable claim also misses the mark. While Polo believes he can cherry pick allegations, scattered throughout his complaint, that, to his mind, form at least one cogent claim, that is not enough. First, even the allegations that Polo himself highlights are nothing more than a jumble of conclusory statements, devoid of factual underpinnings. Second, as previously explained, it is improper for the Court to proactively hunt through a complaint on a plaintiff's behalf to see if there may possibly be a viable claim buried within a shotgun pleading. *See Dvoinik v. Rolff*, No. 23-14147, 2024 WL 2974475, at *4 (11th Cir. June 13, 2024) ("It is not the district court's job to parse out incomprehensible allegations from shotgun pleadings.") That was the whole point of allowing Polo so many do overs—to provide him the opportunity to shed the chaff in order to reveal the existence of any possible wheat.

Lastly, dismissal of Polo's case, with prejudice, was warranted for two alternative reasons. First: because after numerous attempts—well beyond the minimum required by Eleventh Circuit authority—Polo's complaint continued to be an impermissible shotgun pleading. *See Abdulla v. S. Bank*, No. 22-12037, 2023 WL 2988135, at *2 n. 2 (11th Cir. Apr. 18, 2023) ("[L]ike other litigants, if a pro se litigant files an amended complaint without substantially fixing the identified deficiencies in the original complaint, dismissal with prejudice may be warranted."). And second, the Court supplied repeated instructions to Polo, directing him with specificity as to how to remedy the deficiencies within his complaint. But, at every turn, whether by design or inadvertence, those orders went unheeded. Accordingly, the Court dismissed Polo's case on the alternative ground that, after consistently failing to comply with the Court's orders, and after being warned each time that his failure to comply could result in dismissal, it became readily apparent that anything less than dismissal would be inadequate to correct the conduct.

### 3. Conclusion

As set forth above, the Court **denies** Polo's motions for reconsideration (**ECF Nos. 57, 62**). Based on the denial of Polo's motion for reconsideration of the Court's dismissal of his case and the entry of final judgment, in favor of the Defendants, the Court also **denies** Polo's motion to join parties and for leave to file yet another amended complaint (**ECF No. 58**). *See Lee v. Alachua Cnty., FL*, 461 F. App'x 859, 860 (11th Cir. 2012) ("Rule 15 has no application . . . once the district court has dismissed the complaint and entered final judgment for the defendant."). Finally, the Court also **denies** Polo's motions for reassignment of this case to another judge. (**ECF Nos. 69, 71**.) The motions are procedurally improper as well as lacking in merit. Not only did Polo fail to confer with any

other parties before filing those motions, as required by the Court's Local Rules, the motions are meritless and simply rehash the arguments Polo has presented in his motions for reconsideration.

This case is to remain closed and any other pending motions are denied as moot.

**Done and ordered**, in Miami, Florida, on December 3, 2024.

Robert N. Scola, Jr.
United States District Judge